791 P.2d 1058

**STATE of Arizona, Appellee,**

v.

**Roberta KORZEP, Appellant.**

**No. 1 CA-CR 88-914.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 26, 1989.

Review Granted in Part and Denied in Part June 19, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Chief Counsel, Crim. Div., and Paul J. McMurdie, Asst. Atty. Gen., Phoenix, for appellee.

Suciu, Donovan & Schmitt by Michael J. Donovan, Yuma, for appellant.

## OPINION

CONTRERAS, Presiding Judge.

Following a jury trial, appellant was found guilty of manslaughter and was sentenced to a mitigated term of five years imprisonment. The primary issue on appeal is whether the trial court erred in refusing to instruct the jury on "justification" pursuant to A.R.S. § 13–411.[1] This statute sets forth the circumstances in which there is justification for the use of deadly physical force by a household resi-

---

1. A.R.S. § 13–411 provides:

*Justification; use of force in crime prevention*
A. A person is justified in threatening or using both physical force and deadly physical force against another if and to the extent the person reasonably believes that physical force or deadly physical force is immediately necessary to prevent the other's commission of arson of an occupied structure under § 13–1704, burglary in the second or first degree under § 13–1507 or 13–1508, kidnapping under § 13–1304, manslaughter under § 13–1103, second or first degree murder under § 13–1104 or 13–1105, sexual conduct with a minor under § 13–1405, sexual assault under § 13–1406, child molestation under § 13–1410, armed robbery under § 13–1904, or aggravated assault under § 13–1204, subsection A, paragraphs 1 and 2.

B. There is no duty to retreat before threatening or using deadly physical force justified by subsection A of this section.

C. A person is presumed to be acting reasonably for the purposes of this section if he is acting to prevent the commission of any of the offenses listed in subsection A of this section.

dent against "another" to prevent the commission of enumerated criminal offenses. *See State v. Thomason*, 162 Ariz. 363, 783 P.2d 809 (Ct.App.1989). In addition, there is a statutorily created specific presumption that one who is entitled to a § 13–411 defense is presumed to be acting reasonably under the statute. A.R.S. § 13–411(C). We find no error because we conclude that § 13–411 is inapplicable to a situation where one resident of a home uses deadly force to prevent the commission of a criminal offense perpetrated by another resident of the same household. Appellant also argues that the trial court erred in refusing to give other requested jury instructions. We disagree. Accordingly, the conviction and sentence are affirmed.

## FACTS

It appears that, with minor inconsequential variances, the facts are undisputed. Appellant, Roberta Korzep, and her husband, David, lived together in a home in Yuma, Arizona. In the evening on February 13, 1987, appellant and her husband went to a dog racing track. They had several drinks there and went for more drinks at a local lounge. When the lounge closed, appellant and her husband went home. In their bedroom, David suddenly became angry. He grabbed appellant by the hair and threw her on the bed. After extricating herself, appellant left the bedroom and went to the kitchen. David followed her to the kitchen and began hitting her about the head. Appellant grabbed a kitchen knife from a countertop knife holder and stabbed her husband once in the stomach. Appellant pulled the knife out of David. David grabbed his side, turned and walked away toward the bedroom. Appellant followed and saw a bloodstain on David's T-shirt. David made a threatening remark, and appellant ran to her neighbor's house clad only in her underwear. Her neighbor, Mary Gooding, refused to believe appellant had actually stabbed David because appellant still had the knife with her and there was no blood on it. Convinced that David was alive but very angry, appellant did not call the police. Instead, appellant called for help from another neighbor. When this neighbor and his wife arrived at Gooding's home, the four went back to appellant's home to investigate the situation. They found David lying face down in the hallway. Emergency medical assistance failed to resuscitate David. A later autopsy showed that the single stab wound had severed major veins and arteries and that he bled to death very quickly.

At trial, appellant defended on the basis of justification. Appellant testified to earlier episodes where her husband strangled her and hit her. Defense witnesses corroborated appellant's accounts of earlier strangulations and beatings. Appellant further testified that she was afraid David was going to beat her up or kill her and that she was certain she would sustain serious injury. On cross-examination, she reiterated that she thought David would strangle her and kill her.

## JUSTIFICATION INSTRUCTIONS

At trial, appellant admitted stabbing her husband but defended on the basis that it was justified. When the court and counsel settled jury instructions, defense counsel requested a jury instruction under A.R.S. § 13–411. The state responded that § 13–411 did not apply to the appellant's situation, that there was no evidence to support giving the instruction and that the self-defense instruction based upon A.R.S. §§ 13–404 and 13–405 was sufficient. The trial judge declined to give an instruction based upon § 13–411 but did give a self-defense instruction predicated upon §§ 13–404 and 13–405.

After trial, appellant filed a motion for new trial alleging in part that the trial court had erred in refusing to give an instruction based upon § 13–411. The state argued against the propriety of such an instruction. The trial judge denied the motion for new trial. Although the trial judge specifically found that the evidence at trial would have supported giving a § 13–411 instruction since there was sufficient evidence of aggravated assault, he accepted the state's position that an in-

struction under §§ 13–404 and 13–405 was more appropriate.

On appeal, appellant claims that the trial judge erred in refusing her justification instruction based upon § 13–411. Appellant asserts that, at the very least, she was protecting herself from an aggravated assault when she stabbed her husband. The state argues that the trial court properly concluded that §§ 13–404 and 13–405 governed the present fact situation and correctly instructed the jury.

In *State v. Thomason,* 162 Ariz. 363, 783 P.2d 809 (Ct.App.1989), this court harmonized § 13–411 with the other sections in chapter 4 of the criminal code by stating:

> We rely upon the strong policy statement enacted by the legislature for our construction of § 13–411. Accordingly, we restrict the application of § 13–411 to cases which would come within that policy statement. That is, the defense is available only when a home, its contents, or the residents therein are being protected by the use or threatened use of physical force or deadly physical force against another. Such a restriction ameliorates the overlap and conflict of § 13–411 with the other justification statutes and furthers the legislative objective.
>
> With this holding we end our inquiry and leave further construction of the statute for another day.

162 Ariz. at 367, 783 P.2d at 812. The declaration of policy relied upon in interpreting A.R.S. § 13–411 is as follows:

> The *legislature finds that homes of Arizona residents are being burglarized and violated at an alarming and unacceptable rate that is endangering the residents' safety, health and property,* thereby depriving them of their safe and peaceful enjoyment of their homes.
>
> It is the legislative intent to establish a policy by this law giving notice to all citizens, law enforcement personnel and the state courts that a person's home, its contents and the residents therein shall be totally respected and protected in Arizona, and that the law enforcement officials and courts shall apply this and all other applicable criminal laws relating to the protection of the home and its residents promptly and severely so as to restore the total sanctity of the home in Arizona.

Laws 1983, Ch. 255, § 1 (emphasis added).

Specifically, the underlying question in the present case is whether § 13–411 applies where one resident of a home is criminally victimized by another resident of the same household. After considering the legislatively expressed policy along with the underlying legislative intent, we conclude that § 13–411 is not applicable under the attendant and undisputed facts and circumstances of this case.

█ The principal rule of statutory interpretation is to ascertain and effectuate the legislative intent behind the statute. *Calvert v. Farmers Ins. Co.,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985); *Collins v. Stockwell,* 137 Ariz. 416, 420, 671 P.2d 394, 398 (1983). To determine the intent of the legislature we may consider the policy behind the statute and the evils which caused its adoption. *Calvert,* 144 Ariz. at 294, 697 P.2d at 687; *State v. Hendrix,* 59 Ariz. 184, 124 P.2d 768 (1942).

█ In formulating and enacting A.R.S. § 13–411 the primary concern of the legislature as evidenced by the declaration of policy was the increasing rate of burglary of homes in Arizona. The policy statement clearly demonstrates the legislature's concern over the protection of property as well as lives and leads us to the conclusion that the defense is only available to a resident defending the home, its contents or the residents therein from a criminal offense perpetrated by someone other than a resident of that household.

We recognize that the increasing incidences of domestic violence pose a threat to many Arizona residents and that a substantial number of criminal offenses occurring in the home are committed by residents against other residents, all of whom reside within the same household. We further note that § 13–411 not only covers criminal offenses likely to be committed by intruders, such as burglary and kidnap-

ping, but also includes criminal offenses likely to be committed by residents, such as child molestation and sexual conduct with minors. Nevertheless, we are persuaded by the legislative policy statement to conclude that § 13–411 does not apply when a resident of a home is criminally victimized by another resident of the same household.

We are not convinced that the legislature considered the dynamics of the scenario of resident against resident when § 13–411 was enacted. Rather, it is clear from the legislatively expressed policy that the focal point was burglary. It is likewise clear that the general intent of the legislature was to enable residents to protect themselves from non-resident intruders. Since § 13–411 does not contain any clear language to the contrary, we find that a resident of the same household is not included within the definition of "another" as used in this statute.[2]

Our holding should not be construed as limiting the application of § 13–411 to crimes committed by "intruders". We simply hold that § 13–411 does not apply to a resident of a household using deadly physical force against another resident residing within the same household to prevent the commission of one of the enumerated criminal offenses. Under the facts and circumstances of the present case, appellant was not entitled to the requested instruction. Accordingly, we find no error in the trial court's refusal to give a justification instruction based on § 13–411.

## OTHER INSTRUCTIONS

Appellant claims it was error for the trial judge to refuse to give requested Instruction Nos. 11, 12 and 13. Proposed Instruction No. 11 read:

You should not consider how a man of equal size, weight and strength of the deceased would have reacted in similar circumstances.

Proposed Instruction No. 12 read:

The fact that the victim did not have a weapon does not prove that it was unrea-

sonable for the defendant to believe that she was in imminent danger of death or great bodily harm. Manual strangulation and other physical abuse can result in serious bodily injury, if not death.

Proposed Instruction No. 13 read:

In connection with the defense of self-defense, you are instructed that you may consider the words and actions of David Korzep prior to the altercation, the relative size and strength of the persons involved, together with any and all factors which in your judgment may bear upon your determination as to whether the defendant reasonably believed herself to be in danger of serious physical injury at the time in question.

Counsel for appellant argued that these instructions should be given. The trial judge refused to give these three instructions at trial, and, with respect to justification, instructed the jury as follows:

A person may use deadly physical force when and to the degree a reasonable person in the same situation would believe that deadly physical force is immediately necessary to protect him or herself against the other's use or attempted use of unlawful deadly physical force.

Actual danger is not necessary to justify the use of physical force in self-defense. Nor is there a duty to retreat before using physical force in self-defense. It is enough if a reasonable person in the defendant's situation would have believed that she was in immediate physical danger.

The trial judge is not required to give instructions which are adequately covered by other instructions. *State v. De Nistor*, 143 Ariz. 407, 414, 694 P.2d 237, 244 (1985). In the present case, the jury was instructed that a defendant may use deadly physical force to the degree a reasonable person *in the same situation* would believe that deadly physical force was necessary. The difference between

**2.** § 13–411. *Justification; use of force in crime prevention*

A. A person is justified in threatening or using both physical force and deadly physical force

against *another* if and to the extent.... (emphasis added).

the victim and appellant and the lack of a weapon on the victim were factors that could be considered in determining the reasonableness of the appellant's actions. Proposed Instruction Nos. 11, 12, and 13 detail the particulars of the situation and, as such, are more appropriately suited to closing argument. There was no error in rejecting Instruction Nos. 11, 12 and 13.

In accordance with A.R.S. § 13–4035, we have searched the entire record for fundamental error and have found none. Having found no error, the conviction and sentence are affirmed.

SHELLEY, J., and FROEB, Retired Judge, concur.

Note: The Honorable DONALD F. FROEB, a retired judge of the Court of Appeals, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.