799 P.2d 831

**STATE of Arizona, Appellee,**

v.

**Roberta KORZEP, Appellant.**

**No. CR–90–0069–PR.**

Supreme Court of Arizona, En Banc.

Oct. 4, 1990.

---

Robert K. Corbin, Atty. Gen., Jessica Gifford Funkhouser, Sp. Counsel, Dept. of Law, Paul J. McMurdie, Asst. Atty. Gen., Phoenix, for appellee.

Suciu, Donovan & Schmitt by Michael J. Donovan, Yuma, for appellant.

## OPINION

Opinion of the Court of Appeals,
Division One

Filed December 26, 1989

Vacated in Part

GORDON, Chief Justice.

Roberta Korzep (defendant) petitioned for review of the court of appeals' decision affirming her conviction and the trial court's refusal to instruct the jury on, among other things, the justification defense under A.R.S. § 13–411. We granted review on one of defendant's issues to determine whether the justification defense found in § 13–411 applies when one resident of a household uses force against another resident of the same household to prevent the commission of an enumerated crime. *See* Ariz.R.Crim.P. 31.19, 17 A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and her husband, David, lived together in their home in Yuma, Arizona. After visiting the dog track and a local lounge on the evening of February 13, 1987, defendant and David returned home in the early morning of February 14. David then became angry, grabbed defendant by the hair, and threw her onto the bed. After escaping David's grasp, defendant went to the kitchen. David followed defendant and began hitting her on the head. Defendant then grabbed a kitchen knife and stabbed David once in the stomach, causing him to bleed to death.

Defendant was charged with manslaughter. She defended on the basis of justification and requested that the jury be instructed on A.R.S. § 13–411. Section 13–411 provides that:

A. A person is justified in threatening or using both physical force and deadly physical force against another if and to the extent the person reasonably believes that physical force or deadly physical force is immediately necessary to prevent the other's commission of ... aggravated assault....

B. There is no duty to retreat before threatening or using deadly physical force justified by subsection A of this section.

C. A person is presumed to be acting reasonably for the purposes of this section if he is acting to prevent the commission of any of the offenses listed in subsection A of this section.

The trial court, however, refused to give a § 13–411 instruction. Rather, the court determined that defendant's justification defense was covered adequately by the self-defense instructions given under A.R.S. §§ 13–404 and 13–405. The jury returned a guilty verdict and the trial judge sentenced defendant to a term of five years. Defendant then filed a motion for new trial. Although the trial judge specifically found sufficient evidence from which the jury could believe that David was about to commit aggravated assault upon defendant, he denied the motion because he again determined that § 13–411 did not apply. However, the trial court granted a stay of execution pursuant to Rule 7.2(b) of the Rules of Criminal Procedure. *See* Ariz. R.Crim.P. 7.2(b), 17 A.R.S. (person shall not be released after conviction "unless it is established that there are reasonable grounds to believe that the conviction may be set aside on a motion for new trial, reversed on appeal, or vacated in any post-conviction proceeding").

The court of appeals affirmed the conviction, holding that § 13–411 does not apply when one resident uses deadly force to prevent the commission of a crime by another resident of the same household.

*State v. Korzep,* 164 Ariz. 175, 791 P.2d 1058 (Ct.App.1989). We disagree.

## DISCUSSION

Section 13–411(A) specifies when a person is justified in using deadly physical force against another to prevent the commission of enumerated crimes. *See State v. Thomason,* 162 Ariz. 363, 365, 783 P.2d 809, 811 (Ct.App.1989). Additionally, the statute provides that there is no duty to retreat before using deadly physical force. A.R.S. § 13–411(B). Perhaps most important for purposes of this case, § 13–411(C) creates a presumption that a person acts reasonably when acting to prevent the commission of any of the enumerated crimes.

Section 13–411 is one of several justification defenses in Chapter 4 of the criminal code. Other sections provide for the use of force in: self-defense, §§ 13–404 (nondeadly force) and 13–405 (deadly force); defense of a third person, § 13–406; defense of premises, § 13–407; defense of property, § 13–408; and law enforcement, §§ 13–409 (nondeadly force) and 13–410 (deadly force). Section 13–411, however, differs from these other justification defenses. Although the only limitation upon the use of deadly force under § 13–411 is the reasonableness of the response, the other justification defenses require an immediate threat to personal safety before deadly force may be used. *Thomason,* 162 Ariz. at 365, 783 P.2d at 811. Section 13–411 is also more permissive because not all of the enumerated crimes are inherently life-threatening. Finally, § 13–411(C) provides a presumption of reasonableness not available under the other justification sections. *Id.* at 365–66, 783 P.2d at 811–12; *see generally* R. Gerber, *Criminal Law of Arizona* 64–66 (1978). As this case and *Thomason* illustrate, § 13–411 and the other justification sections may overlap. We must decide whether § 13–411 applies in this case.

In *Thomason,* the court of appeals held that the justification defense in § 13–411 applies only when a home, its contents, or its residents are being protected by the use of force against another. 162 Ariz. at 366,

783 P.2d at 812. In so holding, the court relied on the legislative declaration of policy accompanying the addition of subsection C to § 13–411 in 1983.

In *Korzep,* the court of appeals attempted to extend *Thomason* one step further by holding that § 13–411 does not apply when one resident uses deadly force to prevent the commission of a crime by another resident of the same household, even though the incident occurs in the home. In so doing, the court again relied on the legislative declaration of policy. Because the declaration is important to our resolution of this case, we set it out in full:

> The legislature finds that *homes of Arizona residents are being* burglarized and *violated* at an alarming and unacceptable rate that is endangering the residents' safety, health and property, thereby depriving them of their safe and peaceful enjoyment of their homes.
>
> It is the legislative intent to establish a policy by this law giving notice to all citizens, law enforcement personnel and the state courts that *a person's home*, its contents *and the residents therein shall be totally respected and protected* in Arizona, and that the law enforcement officials and courts shall apply this and all other applicable criminal laws relating to the protection of the home *and its residents* promptly and severely so as to restore the total sanctity of the home in Arizona.

Laws 1983, Ch. 255, § 1 (emphasis added).

The court of appeals reasoned that this legislative declaration of policy demonstrates that the legislature's primary concern was the increasing burglary rate in Arizona. *Korzep,* 164 Ariz. at 178, 791 P.2d at 1061. The court further reasoned that because "§ 13–411 does not contain any clear language to the contrary, we find that a resident of the same household is not included within the definition of 'another' as used in this statute." *Id.* at 179, 791 P.2d at 1062.

▇ The primary rule of statutory interpretation is to determine and give effect to the legislative intent behind the statute. *Martin v. Martin,* 156 Ariz. 452, 457, 752

P.2d 1038, 1043 (1988); *Calvert v. Farmers Ins. Co.,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). To determine legislative intent, we consider the statute's context, the language used, the subject matter, the historical background, the statute's effects and consequences, and the statute's spirit and purpose. *Martin,* 156 Ariz. at 457, 752 P.2d at 1043; *Calvert,* 144 Ariz. at 294, 697 P.2d at 687; *Arizona Newspapers Ass'n v. Superior Court,* 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985). Additionally, we consider the policy behind the statute and the evil it was designed to remedy. *Calvert,* 144 Ariz. at 294, 697 P.2d at 687. We give words their usual and commonly understood meaning unless the legislature clearly intended a different meaning. *Kilpatrick v. Superior Court,* 105 Ariz. 413, 421, 466 P.2d 18, 26 (1970).

▇ Subsection A of § 13–411 provides a justification for the use of force against "another" when immediately necessary to prevent the commission of several enumerated crimes. Although we acknowledge that the legislature's primary concern in enacting subsection C of § 13–411 was the increasing burglary rate in Arizona, we do not share the court of appeals' restrictive view that a resident of the same household does not fall within the definition of "another" as used in § 13–411. The usual and commonly understood meaning of "another" is "different or distinct from the one first named or considered." *Webster's Third New Int'l Dictionary* 89 (1976); *see Robrock v. County Bd. of Educ.,* 250 Iowa 422, 94 N.W.2d 101, 104 (1959); *cf. State v. Levell,* 181 Neb. 401, 149 N.W.2d 46, 49 (1967) (broadly interpreting "another" as used in a statute making it a felony for a person to assault or threaten another while confined or in legal custody to mean "another person" and not merely "another inmate"). We must use this meaning of "another" unless the legislature clearly intended otherwise. *See Kilpatrick,* 105 Ariz. at 421, 466 P.2d at 26; *see also* A.R.S. § 1–213. Because neither the text of § 13–411 nor the legislative declaration of policy indicates a clear intent to use a meaning other than the usual and common-

ly understood meaning of "another," we conclude that this term, as used in § 13–411, means a different or distinct person, and includes a resident of the same household as well as an intruder or invitee.

Both the text of § 13–411 and the legislative declaration of policy support our interpretation. By its own terms, § 13–411 applies to many crimes other than burglary; it also applies to kidnapping, manslaughter, first or second degree murder, sexual conduct with a minor, sexual assault, child molestation, armed robbery, and aggravated assault. It would be a mistake for us to overemphasize the fact that the legislature was concerned with burglaries when it amended § 13–411 in 1983 to add subsection C. This is especially true because several of the crimes enumerated in subsection A, such as child molestation and sexual conduct with minors, frequently are committed by residents rather than by intruders.

Finally, the broad language in the declaration of policy supports our conclusion that § 13–411 applies whether the criminal against whom force is used is a resident or a nonresident. Although the legislature was concerned about homes being burglarized and violated, it also expressed its intent to give "notice to *all citizens*" that "a person's home ... *and the residents therein shall be totally respected and protected* in Arizona." Laws 1983, Ch. 255, § 1 (emphasis added). We believe the legislature's intent that residents be totally respected and protected can be realized only if residents may use force to prevent the commission of enumerated crimes by other residents as well as by intruders or invitees. Had the legislature intended § 13–411 to apply only when force is used to prevent the commission of crimes by nonresidents, it could easily have said so. *See Smith v. Superior Court*, 17 Ariz.App. 79, 82, 495 P.2d 519, 522 (1972). Thus, we hold today

that the justification defense found in § 13–411 applies when one resident of a household uses force against another resident of the same household to prevent the commission of an enumerated crime.

■ Because we hold that § 13–411 applies to the facts of this case, we must reverse defendant's conviction. A criminal defendant is entitled to have the jury instructed on self defense "whenever there is the slightest evidence of justification for the defensive act." *State v. Plew*, 150 Ariz. 75, 77, 722 P.2d 243, 245 (1986) (quoting *State v. Bojorquez*, 138 Ariz. 495, 497, 675 P.2d 1314, 1316 (1984)); *see State v. Noriega*, 142 Ariz. 474, 482, 690 P.2d 775, 783 (1984); *State v. Lujan*, 136 Ariz. 102, 104, 664 P.2d 646, 648 (1983). This standard also applies to the justification defense found in § 13–411. In defendant's case, the trial judge specifically found sufficient evidence for the jury to believe that David was about to commit aggravated assault upon defendant. Because this constitutes at least the slightest evidence of justification, the trial judge erred by failing to instruct the jury on § 13–411.[1] This failure to instruct the jury constitutes reversible error.

## DISPOSITION

We remand this case to the trial court for proceedings consistent with this opinion. We vacate that portion of the court of appeals' opinion addressing whether A.R.S. § 13–411 applies when one resident of a household uses force against another resident of the same household.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.

---

1. We realize that "[w]here the refused instructions relate to matters that are adequately covered by other instructions pertaining to the legal issues, there is no error in refusing the specific instructions offered by the defense." *State v. Royer*, 150 Ariz. 501, 505, 724 P.2d 587, 591 (Ct.App.1986) (citing *State v. Via*, 146 Ariz. 108, 704 P.2d 238 (1985), *cert. denied*, 475 U.S. 1048,

106 S.Ct. 1268, 89 L.Ed.2d 577 (1986)). As indicated above, however, § 13–411 differs in several respects from the other justification defenses in Chapter 4 of the criminal code. Thus, the justification defense under § 13–411 was not adequately covered by the self-defense instructions given under §§ 13–404 and 13–405.