900 P.2d 1228

**Fred BRODSKY, Petitioner–Appellant,**

v.

**CITY OF PHOENIX, POLICE DEPARTMENT RETIREMENT SYSTEM BOARD, Respondent–Appellee.**

**No. 1 CA–CV 94–0030.**

Court of Appeals of Arizona, Division 1, Department E.

Aug. 8, 1995.

Law Office of Stanley Lubin by Stanley Lubin, Scott J. Cooley, Phoenix, for petitioner-appellant.

David L. Niederdeppe, Glendale, for respondent-appellee.

## OPINION

McGREGOR, Presiding Judge.

Fred Brodsky (appellant) appeals from a judgment affirming the Phoenix Police System Retirement Board's (the Board) denial of his request for a temporary disability pension. The primary issue on appeal is whether appellant was offered an assignment that would enable him to perform a "reasonable range of duties" in the police department for purposes of Arizona Revised Statutes Annotated ("A.R.S.") section 38–842.27. Because we find that the offered assignment fell within a reasonable range of duties of a police officer and substantial evidence supported the conclusion that appellant could perform the assignment, we affirm the judgment.

### I.

The City of Phoenix employed appellant as a police officer between June 1981 and November 1991. Although he sustained several accidental injuries and underwent four arthroscopic knee surgeries, appellant was able to perform regular police duty until he reinjured his knees and back during the investigation of a shoplifting incident in 1990. Appellant's condition showed some improvement over a period of months, but his knees continued to present symptoms. His treating physician eventually recommended less physically-demanding employment than the work of a police officer.

In October 1991, appellant applied for accidental disability retirement with the Board. Dr. Ray Fife, the Board's physician, examined appellant [1] and concluded that appellant "temporarily is totally disabled, but not permanently. If he desires to stay with the police force ... he can work vigorously toward rehabilitation and can overcome his disability."

1. A.R.S. section 38–842.27 requires that a finding of disability be based on medical evidence

Dr. Fife's written evaluation indicated that he did not have access to medical reports of appellant's arthroscopic surgeries. At the Board's direction, the reports were provided, and Dr. Fife supplemented his original report as follows:

I would remain of the opinion that the patient's condition is not yet stationary and that further strengthening efforts on the right knee should be carried out.

At the present time, he would be unable to return to normal police work which may involve situations requiring extreme physical exertion involving elements of danger and emergencies.

Although Dr. Fife's supplemental report stated that no evidence existed of a back disability related to the 1990 injury, he concluded that appellant had a five percent disability of the left leg resulting from injuries unrelated to employment and a thirty percent disability of the right leg which "... with further adequate exercise and rehabilitative measures could be reduced to a fifteen percent disability."

During the hearing on his application, appellant changed his request for accidental disability benefits to a request for temporary disability benefits. The Board chairman asked a representative of the police department whether any position within the department existed for appellant; the police department responded that approximately three months of light-duty work was available and that the department could make accommodations for appellant's condition.

The Board denied appellant's application for benefits and directed him to report for work. After his application was denied upon rehearing, appellant sought review in the superior court under the Administrative Review Act. A.R.S. §§ 12–901 to –914. The court affirmed the Board's decision, and this appeal followed. We have jurisdiction pursuant to A.R.S. section 12–120.21.A.1.

### II.

Under the Administrative Review Act, the superior court decides only whether

from a Board-appointed doctor or clinic.

an administrative action was illegal, arbitrary, capricious, or an abuse of discretion. *Havasu Heights Ranch and Dev. Corp. v. Desert Valley Wood Prods.*, 167 Ariz. 383, 386, 807 P.2d 1119, 1122 (App.1990). This court reviews the superior court judgment to determine whether the record contains evidence to support the judgment and, in doing so, reaches the underlying issues of whether the administrative action was illegal, arbitrary, capricious, or involved an abuse of discretion. *Id.*

Appellant contends that the Board violated A.R.S. section 38–844.H, which provides:

A member shall be eligible for a temporary disability pension if his employment is terminated prior to his normal retirement date by reason of temporary disability....

Appellant argues that Dr. Fife's report required the Board to find that he had a temporary disability, statutorily defined as

a physical or mental condition which the local board finds totally and temporarily prevents an employee from performing a *reasonable range of duties* within the employee's department and which was incurred in the performance of his duty.

A.R.S. § 38–842.27 (emphasis added). He construes Dr. Fife's statement concerning inability to return to "normal police work" as a determination of inability to perform a "reasonable range of duties" of a police officer. Appellant contends that because the essential function of a police officer is to protect life and property in any assignment, the ability to make a forceful arrest must be part of the performance of a "reasonable range of duties."

■ The Board contends that appellant erroneously equates "reasonable range" with "full range" of duties and that a police officer who is temporarily unable to engage in physically strenuous activities may still be able to

perform a "reasonable range of duties" within the police department. We agree.

■ Statutory interpretation presents a question of law, which we review *de novo*. *Parker v. Vanell,* 170 Ariz. 350, 351, 824 P.2d 746, 747 (1992). The goal of statutory interpretation is to give effect to the legislative intent behind a statute. *State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990); *Martin v. Martin,* 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988); *Calvert v. Farmers Ins. Co.,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). To determine legislative intent, we consider the statute's context, the language used, the subject matter, the historical background, the statute's effects and consequences, and the statute's spirit and purpose. *Korzep,* 165 Ariz. at 493, 799 P.2d at 834. We give words their usual and commonly understood meaning unless the legislature clearly intended a different meaning. *Id.*

Section 38–842.27 does not define "reasonable range of duties," so the statutory language itself provides little guidance. Although both parties cite decisions from other jurisdictions in support of their respective positions,[2] we find these cases of limited value because they do not involve the same statutory language.

■ We can examine the development of the statute to help determine legislative intent. *Carrow Co. v. Lusby,* 167 Ariz. 18, 20, 804 P.2d 747, 749 (1990). We must presume that an amendment to a statute indicates the legislature's intent to make a change in existing law. *State v. Garza Rodriguez,* 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990). The Arizona Public Safety Personnel Retirement System was created in 1968. Until 1980, the statute defined both "accidental disability" and "temporary disability" in terms of conditions preventing an employee from performing "his regularly assigned duties." 1968 Ariz.Sess.Laws, ch. 85, § 1.

---

**2.** *Compare, e.g., Retirement Bd. v. Contributory Retirement Appeal Bd.,* 33 Mass.App.Ct. 478, 601 N.E.2d 481, 485 (1992) (policeman found eligible for disability pension because he could not perform the full range of duties required of a police officer) *with Board of Trustees v. Clark,* 661 P.2d 506, 509 (Okla.1983) (policeman unable to serve as patrol officer but able to perform other police work was not entitled to disability benefits).

In 1980, the legislature replaced "his regularly assigned duties" with "a reasonable range of duties within the employee's department." 1980 Ariz.Sess.Laws, ch. 146, § 1.

■ We conclude that the legislature intended the new language to narrow the definition of disability to disallow pensions to employees able to perform a reasonable range of duties but not all regularly assigned duties. *See Fund Manager v. City of Phoenix Dep't Public Safety Personnel Retirement System, Bd.,* 151 Ariz. 487, 728 P.2d 1237 (App.1986) (finding that changing the definition of "accidental disability" created a stricter standard for pension eligibility); *Newman v. City of Oakland Retirement Bd.,* 80 Cal.App.3d 450, 145 Cal.Rptr. 628, 635 (Ct.App.1978) (finding that change from "full range of duty" to "reasonable range of duty" created a more restrictive standard for a police disability pension).

Generally, we can reasonably assume that a serious physical injury such as that sustained by appellant will impair a police officer's ability to work as a patrol officer in emergency situations. If inability to perform in emergency situations requiring extreme physical exertion is essential to performing a "reasonable range of duties," then appellant arguably falls within the more restrictive language of the statute. Indeed, appellant contends that this court previously has established that an officer limited to a light-duty assignment cannot perform a "reasonable range of duties." *See Matos v. City of Phoenix,* 176 Ariz. 125, 859 P.2d 748 (App.1993). We disagree that *Matos* stands for this proposition.

*Matos* involved claims of two Phoenix police officers alleging handicap and age discrimination in violation of the Arizona Civil Rights Act. The officers contended that they were entitled to remain employed in light-duty positions as "call-back" officers in spite of a department policy limiting such assignments to a period of six months unless the officer's disability was work-related. To establish a cause of action for handicap discrimination, the officers had to show that,

with reasonable accommodation, they were qualified to perform *all* the essential functions of a police officer. The court accepted the city's position that the "*full* range of essential functions of a police officer" included the ability to make a forceful arrest. Because the officers were physically unable to do so, they could not maintain their discrimination claims.

The officers alleged that the city had taken inconsistent positions by stating that the ability to make a forceful arrest is an "essential function" of a police officer but treating light-duty assignments as performance of a "reasonable range of duties." This court found that a light-duty "call-back" assignment was *one* of the essential police functions "within the reasonable range of duties for a police officer" but did not constitute *all,* or even substantially all, the essential functions of a police officer; thus, the city's positions were not inconsistent. 176 Ariz. at 129–30, 859 P.2d at 752–53. *Matos* does not suggest an officer can perform a "reasonable range of duties" within the police department, only if he or she can perform all or substantially all duties.

■ A "reasonable range of duties" must be defined in the context of the surrounding circumstances. In a rural setting with a small police force, a disabled officer who is unable to perform strenuous physical activity might not be able to perform a "reasonable range of duties" for his department. However, in a large metropolitan area a wide range of tasks are available, and public policy favors maximum utilization of disabled employees. *Clark,* 661 P.2d at 509.

■ Although some jobs in the police department might fall outside of those functions that police officers generally perform, nothing in the record indicates that the assignment offered to appellant was inappropriate for a police officer. Therefore, we conclude that the department offered appellant a position that permitted him to perform a "reasonable range of duties."

■ Appellant never informed the Board of any concern that a light-duty assignment would not constitute a "reasonable range of duties." Instead, he questioned whether he could perform the assignment. Appellant as-

serts that no substantial evidence exists to support the Board's decision that he could perform light-duty work. Again we disagree.

The Board did receive medical evidence that appellant was unable to perform the full range of duties of a police officer; however, other evidence indicated the probability that rehabilitation could overcome the condition. Another medical report indicated that appellant could be sedentary for two hours at a time, and testimony established that he had made a number of four-hour plane trips to New York. From this evidence the Board could find that a three-month assignment to sedentary light-duty work with accommodations for appellant's disability would enable him to perform a reasonable range of duties for the police department.

### III.

Based on the foregoing, we conclude that the Board did not abuse its discretion, and its decision was not illegal, arbitrary or capricious. We therefore do not address appellant's claim for attorneys' fees. The judgment is affirmed.

KLEINSCHMIDT, and SHELLEY *, JJ., concur.