917 P.2d 1236

### ABRAMS AIRBORNE MANUFACTURING, INC., a corporation, Petitioner, Plaintiff–Appellant,

v.

### STATE of Arizona DEPARTMENT OF REVENUE; Pima County, a body politic and corporate; Ed Moore, Dan Eckstrom, Mike Boyd, Paul Marsh, and Raul Grijalva, as members of the Pima County Board of Supervisors; Alan Lang, in his capacity as Pima County Assessor; and James L. Kirk, in his capacity as Pima County Treasurer, Respondents, Defendants–Appellees.

No. 1 CA–TX 94–0019.

Court of Appeals of Arizona, Division 1, Department T.

Feb. 29, 1996.

---

**2.** The majority's attempt to limit *Fierro's* damage at the point of "reckless" has no support in *Fierro* or our cases.

Munger and Munger, P.L.C. by John F. Munger and Mark E. Chadwick, Tucson, for Appellant.

Grant Woods, Attorney General by Michael Kempner, Assistant Attorney General, and Ileen K. Keenan, Assistant Attorney General, Phoenix, Stephen D. Neely, Pima County Attorney by Alison K. North, Deputy County Attorney, Tucson, for Appellee.

## OPINION

FIDEL, Presiding Judge.

An Arizona statute requires counties to refund taxes that result from "an erroneous

assessment." Arizona Revised Statutes Annotated ("A.R.S.") § 11–506(A). We decide in this appeal that an assessment stemming from the taxpayer's own error in classifying its property does qualify as "an erroneous assessment" within the meaning of the statute if all other statutory conditions are met.

## I.

Abrams Airborne Manufacturing, Inc. ("Abrams") filed State of Arizona business personal property statements in 1990, 1991, and 1992 that erroneously identified computer equipment as "machinery and equipment" rather than "Computer Numeric Controlled (CNC) equipment." Had the equipment been properly reported, Abrams's tax liability would have been lower than the amount that Pima County assessed.

Abrams filed a petition for special action and complaint in the tax court, seeking a refund pursuant to A.R.S. § 11–506. After Pima County and the State Department of Revenue filed answers, the tax court on its own motion issued a minute entry denying the special action. Appellee Pima County subsequently moved for summary judgment on the remaining claim, arguing that there were no disputed factual issues. The tax court granted the motion and entered the judgment from which Abrams now appeals.

## II.

■ We review a tax court's grant of summary judgment de novo. *Wilderness World, Inc. v. Arizona Dep't of Revenue,* 182 Ariz. 196, 198, 895 P.2d 108, 110 (1995). We are not bound by the tax court's conclusions of law. *Id.*

This dispute centers around the interpretation of A.R.S. § 11–506, which provides in part:

A. If all or part of a property tax has been paid on an erroneous assessment after such assessment is first verified by the county assessor and then verified by the department of revenue, the county board of supervisors shall direct the county treasurer to grant a refund to the taxpayer . . . .

B. For purposes of this section, an erroneous assessment is limited to a clerical or computational error or any other error not involving the exercise of discretion, opinion or judgment by the assessor or the department.

The tax court found that Abrams could not seek a refund under this statute because the classification error was one that involved "the exercise of discretion" and because the statute did not allow recovery when the error was caused by the taxpayer. We disagree.

### A.

We begin by examining the language of the statute. The taxpayer's reporting error was clearly not "a clerical or computational error." A.R.S. § 11–506(B). We therefore examine the "or any other error" provision to determine whether it encompasses an error of the kind presented here.

■ Appellees attempt to confine the "any other error" provision to errors by tax authorities and to exclude taxpayer errors. Specifically, appellees argue that the phrase "by the assessor or the department" modifies all of the preceding language in subsection (B), while Abrams argues that it modifies only the phrase "the exercise of discretion, opinion or judgment." We interpret the statute as does Abrams. Appellees' contrary argument would rewrite subsection (B) to read:

B. For purposes of this section, an erroneous assessment is limited to a clerical or computational error [BY THE ASSESSOR OR THE DEPARTMENT] or any other error [BY THE ASSESSOR OR THE DE-PARTMENT] not involving the exercise of discretion, opinion or judgment ~~by the assessor or the department.~~

But that is not the statute the legislature chose to write. In our view, the "any other error" language of the statute excludes only those errors "not involving the exercise of discretion, opinion or judgment by the assessor or the department." Because the statute's language does not withhold a remedy from a taxpayer whose own error results in overpayment, we will not read such a limit into the statute. *See State v. Korzep,* 165 Ariz. 490, 493–94, 799 P.2d 831, 834–35 (1990)

(refusing to limit application of a statute to a specific group of people when the language of the statute contained no such limitation).

Further, we observe that the purpose of a refund statute such as A.R.S. § 11–506 "is to prevent the [county] from unjustly retaining and to assure a taxpayer reimbursement of erroneous over payments" when the elements of the statute are met. *Cf. Pittsburgh & Midway Coal Mining Co. v. Arizona Dep't of Revenue,* 156 Ariz. 568, 569, 754 P.2d 295, 296 (App.1987), *aff'd* 161 Ariz. 135, 776 P.2d 1061 (1989). This purpose applies, as does the language of section 11–506, whether the error is that of the taxpayer or the tax collector.

### B.

The question remains whether the error in this case is an excluded error—specifically one involving an "exercise of discretion, opinion or judgment by the assessor or the department." *See* A.R.S. § 11–506(B). Recent decisions of this court have clarified the scope of errors remediable under section 11–506. In *S & R Properties v. Maricopa County* we stated,

> This construction of the statutory scheme presupposes that the error ... will be one plainly and indisputably revealed by the County's own records or the taxpayer's claim.... [When] the error is clear and indisputable ... DOR should verify that error, and the County should issue a refund without the necessity of a formal appeal.
>
> On the other hand, if an alleged erroneous assessment cannot be determined without the resolution of disputed issues of fact ... it is not an error that can be "verified" by DOR.

178 Ariz. 491, 501–02, 875 P.2d 150, 160–61 (App.1993) (citations omitted). Applying *S & R Properties* in a later case, we found that a taxpayer could not request a refund pursuant to section 11–506 for a contested reclassification of property because "the tax court would necessarily have to decide disputed factual and legal issues" to determine whether the assessment was, in fact, erroneous. *Ringier American v. Arizona Dep't of Revenue,* 184 Ariz. 250, 253, 908 P.2d 64, 67 (App.1995).

Similarly, we held that classification of land as nonagricultural rather than agricultural was not an "erroneous assessment" within the meaning of section 11–506 when "[t]he Assessor's acts, whether right or wrong, were not mistakes" but "were an implementation of policy." *Widger v. Arizona Dep't of Revenue,* 183 Ariz. 296, 298, 903 P.2d 604, 606 (App.1995).

■ This case is different. How the property should have been classified has never been contested. In its motion for summary judgment, appellee Pima County stated, "Plaintiff asserts, and Defendants do not deny, that Plaintiff placed its personal property in the wrong category for purposes of tax assessment in 1990 through 1992." Because the county thus conceded that Abrams had placed its property in the wrong category, there was no need for the tax court to resolve disputed questions of fact or law; nor was there any need to review the validity of the assessor's judgment or policy determination.

■ At oral argument, however, without attempting to withdraw from its admission that Abrams had miscategorized its property, the county argued that the assessor's discretion or judgment was nonetheless invoked by the need to *verify* the taxpayer's claim that its property was incorrectly classified. According to the county, only those refund claims that can be resolved without investigation or fact finding are contemplated by the statute; because an assessor had to investigate Abrams's claim to verify that the equipment was indeed computer numeric controlled equipment, this claim did not fall within the scope of section 11–506.

We reject this argument. Section 11–506 requires the county assessor to verify a covered taxpayer claim. A.R.S. § 11–506(A); *see also S & R Properties,* 178 Ariz. at 501, 875 P.2d at 160 (When "the error is clear and indisputable ... DOR should verify that error, and the County should issue a refund without the necessity of a formal appeal."). If the routine verification that the statute requires constituted the exercise of departmental judgment or discretion barring appli-

cation of the statute, then the statute would render itself a nullity.

There is no evidence in this case that the county undertook anything other than routine verification of the taxpayer's claim. To the contrary, the county admitted in its motion for summary judgment "that Plaintiff placed its personal property in the wrong category for purposes of tax assessment in 1990 through 1992." And in the statement of facts within the answering brief that the appellees filed jointly with this court, the appellees explain that "the Assessor denied the claim since it involved *a reporting error by the Taxpayer* and not an assessment error by the Assessor or the Department." (Emphasis added.)

We conclude in short, given the record in this case, that the error in question was not one "involving the exercise of discretion, opinion or judgment by the assessor or the department." .

### C.

■ We last consider appellees' arguments that the mistaken classification in this case was something other than an "error" within the statutory meaning of that term. Appellees argue, "There was no error because 'Computer Numeric Controlled Equipment' is a variety of 'equipment,'" which is how Abrams characterized the items on its personal property statement. Similarly, they describe Abrams's selection of the general, rather than the more specific, category as merely a missed opportunity, not an error. We do not find these arguments persuasive. Our tax laws apply depreciation schedules to *computer numeric controlled equipment* that are different from those they apply to equipment generally. Having agreed before the trial court that Abrams "placed its personal property in the wrong category," and having described the misclassification as "a reporting error by the Taxpayer" in their statement of facts to this court, appellees cannot credibly argue that the property was properly categorized all along.

Appellees also attempt to show that, because Abrams's error preceded the assessment and Abrams does not attribute independent error to the assessment itself, there was no erroneous assessment. We find no merit in this argument. Neither case law nor logic suggests that an assessment based upon an underlying erroneous classification is free of the error at its root. *See Widger*, 183 Ariz. at 299–300, 903 P.2d at 607–08 (quoting *E.C. Garcia & Co., Inc. v. Arizona Dep't of Revenue*, 178 Ariz. 510, 516–17, 875 P.2d 169, 175–76 (App.1993)) (rejecting the argument "that the term 'erroneous assessment' in A.R.S. section 11–506 ... cannot encompass questions of valuation or classification"). Absent the error, the taxpayer would have been subject to lower taxes. An assessment that requires a taxpayer to pay more than the law requires is erroneous.

### III.

■ Abrams seeks attorneys' fees pursuant to A.R.S. § 12–2030 for its attempts to recover a refund in tax court and this court. Section 12–2030 requires the court to assess "fees and other expenses" to a party that "prevails by an adjudication on the merits in a civil action brought by the party against the state or any political subdivision thereof to compel a state officer or any officer or any political subdivision thereof to perform an act imposed by law as a duty on the officer." When taxpayers prevail in an action seeking to enforce A.R.S. § 11–506, "mandamus relief [is] appropriate" and the taxpayers are entitled to fees and expenses under A.R.S. § 12–2030. *S & R Properties*, 178 Ariz. at 502, 875 P.2d at 161. Here, we have found that the county erroneously refused to provide Abrams a refund as required by A.R.S. § 11–506; Abrams is therefore entitled to fees and expenses.

Abrams also claims it is entitled to attorneys' fees pursuant to A.R.S. §§ 12–348 and 12–349. Because we have awarded attorneys' fees under A.R.S. § 12–2030, we need not address the claim under A.R.S. § 12–348. Abrams has provided no evidence of the wrongdoing that would entitle it to recovery of damages under A.R.S. § 12–349, so we find no merit in this request.

## CONCLUSION

We do not hold in this case that any refund claim alleged to arise from a taxpayer classification error falls automatically within A.R.S. § 11–506. In this case, however, we are presented with a verified and uncontested classification error and a concession that, had the taxpayer properly classified and reported its property, its assessment would have been lower. Given this concession and our holding that such an error falls within the statute's scope, there remains no contested issue of material fact to remand for trial. We hold that the trial court erroneously entered judgment for appellees in this case, and we remand for entry of judgment for the taxpayer. We also remand to the tax court the determination of fees and costs at the trial level. Pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure, Abrams may file a statement of taxable appellate costs and attorneys' fees with this court within 10 days.

LANKFORD and SULT, JJ., concur.