953 P.2d 175

**Melva Dawn KIZZAR, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF NAVAJO, the Honorable Michael C. Nelson, a judge thereof, Respondent Judge,**

**STATE of Arizona, Real Party in Interest.**

**No. 1 CA–SA 97–0122.**

Court of Appeals of Arizona, Division 1, Department C.

June 19, 1997.

The Law Office of William D. Shostak by William D. Shostak, Chandler, for Petitioner.

Melvin R. Bowers, Jr., Navajo County Attorney by David Brown, Deputy County Attorney, Holbrook, for State of Arizona.

## OPINION

TOCI, Judge.

Melva Dawn Kizzar sought special action review of the respondent judge's denial of her motion to dismiss a three-count complaint against her on the ground that it alleged as *prior* convictions two convictions that occurred after the complaint was filed. We issue this opinion to correct an erroneous interpretation of Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–604(E) governing allegations of prior misdemeanor convictions to enhance a defendant's punishment for later having committed the same misdemeanor offense.

■ We accepted jurisdiction because the proper interpretation of the statute, not previously interpreted, is a pure question of law and is a matter of statewide importance. *See Cardon v. Cotton Lane Holdings, Inc.,* 173 Ariz. 203, 210, 841 P.2d 198, 205 (1992); *Sanchez v. Coxon,* 175 Ariz. 93, 94, 854 P.2d 126, 127 (1993). The trial court adopted the state's interpretation of A.R.S. section 13–604(E), and as a result, Kizzar has been charged with two felony offenses rather than misdemeanors. Further, denial of her motion to dismiss the complaint is not an appealable order under A.R.S. section 13–4033.

*Escalanti v. Superior Ct.*, 165 Ariz. 385, 386, 799 P.2d 5, 6 (App.1990) (after denial of motion to dismiss, special action jurisdiction is proper, especially when a statute needs immediate interpretation).

## I. FACTUAL AND PROCEDURAL BACKGROUND

A Navajo County Justice of the Peace granted an injunction against Kizzar prohibiting her harassment of one Lucio Reyes. The state cited her for violating that injunction, alleging that she did so on August 21 and on September 21, 1995. Pursuant to a plea agreement, she pled guilty on March 20, 1996, to two counts of interference with judicial proceedings, both class 1 misdemeanors, and received a suspended sentence.

Shortly before the guilty plea proceedings, in a complaint filed on March 6, 1996, the state charged Kizzar in justice court with three counts of interference with judicial proceedings for again violating the injunction. The first count alleged a misdemeanor committed on August 16, the second count a class 6 felony committed on November 17, and the third count a class 6 felony committed on December 12, 1995. Kizzar waived a preliminary hearing, and the court scheduled an arraignment. In May 1996, the county attorney filed an information in superior court charging Kizzar with the same misdemeanor and felony offenses.

Kizzar moved to dismiss the complaint. On February 28, 1997, the trial court dismissed the misdemeanor count as encompassed by the March 20 plea agreement, but it denied the motion as to the felonies alleged in counts two and three because it found them "sufficient as a matter of law. The reasoning set forth in *State v. Hannah*, 126 Ariz. 575 [,617 P.2d 527] (1980), is applicable here." The court also denied a motion for reconsideration but granted a motion for stay pending the outcome of this special action.

## II. DISCUSSION

### A. Summary Chronology

For clarity, we briefly set out the relevant events:

| | |
|---|---|
| August 21, 1995 and September 21, 1995 | — Commission of first set of crimes |
| August 16, 1995 | |
| November 17, 1995 and December 12, 1995 | — Alleged commission of second set of crimes |
| March 6, 1996 | — Complaint filed on second set of crimes |
| March 20, 1996 | — Conviction of first set of crimes |

### B. Interpretation of *Hannah* and Section 13–604(E)

The state argues by analogy to *Hannah* that as long as the first offenses were *committed* before the second offenses were *committed*, the court may enhance Kizzar's sentence for the later offenses. The trial court found that *Hannah*'s interpretation of A.R.S. section 13–604(B), requiring only that a defendant be convicted once before being convicted of a second offense, applied to A.R.S. section 13–604(E). But the language of subsection (B) is different from that of subsection (E).

At the time our supreme court decided *Hannah*, A.R.S. section 13–604(B) provided that a person who is eighteen years old or has been tried as an adult

> and who stands convicted of a class 2 or 3 felony, ... and *who has previously been convicted* of any felony shall be sentenced to imprisonment for not less than the sentence and not more than three times the sentence authorized by § 13–701 for the offense for which the person currently stands convicted....

*Hannah*, 126 Ariz. at 576, 617 P.2d at 528. The *Hannah* court concluded that because the statute refers to prior convictions and not prior offenses, as "long as the defendant was convicted of the other offense before the conviction in the principal offense, the enhanced punishment provisions of § 13–604(B) are applicable." *Id.* Thus, section 13–604(B) "does not require that the conviction of the prior offense precede the commission of the principal offense ... [but] merely requires a defendant to have 'previously been convicted.'" *Id.* at 577, 617 P.2d at 529.

On the other hand, A.R.S. section 13–604(E) requires that conviction of the prior precede *commission* of the later offense. Section 13–604(E) (Supp.1996) states:

> A person who is at least eighteen years of age or who has been tried as an adult and

who stands convicted of any misdemeanor or petty offense, other than a traffic offense, *and has been convicted of one or more of the same misdemeanors* or petty offenses *within two years next preceding the date of the present offense* shall be sentenced for the next higher class of offense than that for which such person currently stands convicted.

(Emphasis added). Thus, in contrast to section 13–604(B), which simply requires a prior conviction for sentence enhancement, section 13–604(E) requires that conviction of the same offense occur within two years preceding the *date of the present offense.* "[D]ate of the present offense" must mean commission of the present offense. Otherwise, the legislature would have said "within two years next preceding the date of *conviction for* the present offense." *See State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990) (words have usual and ordinary meaning unless legislature clearly intended another meaning).

■ Therefore, as we read the plain language of section 13–604(E), it increases the punishment imposed on a person who has been convicted of a misdemeanor and within two years of that conviction recommits the same misdemeanor. Thus, one who fails to learn from a first conviction and punishment and who reoffends within two years following the date of the first conviction, shall be sentenced for the "next higher class of offense" when convicted for the second offense. The dates of Kizzar's "present offenses" alleged in counts two and three are November 17 and December 12, 1995, respectively. She has no prior convictions in the two years next preceding the dates of these "present offenses"; her *only* conviction occurred on March 20, 1996. Therefore, A.R.S. section 13–604(E) does not apply, and the offenses she committed in November and December were not subject to the statute's enhancement provisions. If she were to commit the same offense within the two years following her March 20, 1996 conviction, she would be subject to A.R.S. section 13–604(E).

### III. CONCLUSION

The trial court erred in failing to dismiss counts two and three of the complaint. The prosecutor could not properly allege enhanced offenses based on convictions that had not yet occurred. Furthermore, even if the convictions had occurred, they could not have been used to enhance Kizzar's punishment. Counts two and three alleged conduct that occurred in November and December of 1995; conviction on these counts would necessarily have occurred after August 21 and September 21, 1995, the dates of the "present offenses." We reverse the order denying the motion to dismiss and direct the trial court to dismiss the complaint without prejudice.

GERBER, P.J., and SULT, J., concur.