IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO
_____

GARY DWAYNE SKAGGS,
*Petitioner*,

*v.*

HON. THOMAS FINK, VISITING JUDGE OF THE SUPERIOR COURT OF THE STATE
OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent Judge,*

*and*

STATE OF ARIZONA,
*Real Party in Interest.*

No. 2 CA-SA 2023-0068
Filed November 22, 2023
_____

Special Action Proceeding
Pima County Cause No. CR20062060

**JURISDICTION ACCEPTED; RELIEF DENIED**
_____

COUNSEL

Arizona Capital Representation Project, Tucson
By Amy Armstrong

and

Ralph E. Ellinwood Attorney at Law PLLC, Tucson
By Ralph Ellinwood
*Counsel for Petitioner*

Kent P. Volkmer, Pinal County Attorney, Florence
By Thomas C. McDermott, Deputy County Attorney
*Counsel for Real Party in Interest*

---

**OPINION**

Judge Sklar authored the opinion of the Court, in which Judge O'Neil and Judge Kelly concurred.

---

S K L A R, Judge:

**¶1**　　　　Rule 12.9 of the Arizona Rules of Criminal Procedure imposes a deadline on motions to remand to a grand jury for a new finding of probable cause. That deadline generally expires long before trial. We address the deadline's applicability where a court has ordered a new trial following successful post-conviction proceedings. We do so in the context of Gary Skaggs's successful petition for a new trial based on ineffective assistance of his counsel during his trial on first-degree murder charges. Skaggs argues that he is entitled to a new grand-jury proceeding even though Rule 12.9's deadline passed more than sixteen years ago. We disagree and conclude that Skaggs's successful post-conviction petition does not reopen the Rule 12.9 deadline.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶2**　　　　After a jury trial in 2007, Skaggs was convicted of two counts of first-degree murder and sentenced to consecutive terms of life in prison without the possibility of release for twenty-five years. We affirmed his convictions and sentences on appeal. *State v. Skaggs*, No. 2 CA-CR 2007-0136, ¶ 59 (Ariz. App. Feb. 26, 2010) (mem. decision).

**¶3**　　　　Skaggs then sought post-conviction relief asserting ineffective assistance of counsel and seeking a new trial. *See* Ariz. R. Crim. P. 32; *State v. Skaggs*, No. 2 CA-CR 2017-0032-PR (Ariz. App. July 21, 2017) (mem. decision). After the trial court denied relief, we concluded that Skaggs had raised colorable claims of ineffective assistance of counsel and remanded for further proceedings. On remand, the state conceded that relief should be granted, after which it would evaluate whether to retry Skaggs. The trial court granted relief in March 2022. By agreement of the parties, it ordered a new trial. Skaggs then filed a motion to remand to the grand jury for a redetermination of probable cause. The respondent judge denied the motion, concluding it was untimely under Rule 12.9.

**¶4**　　　　Subject to one exception not applicable here, such rulings are reviewable only "by special action before trial; they are not reviewable on

appeal." *State v. Moody*, 208 Ariz. 424, ¶ 31 (2004); *see also State v. Gortarez*, 141 Ariz. 254, 258 (1984) (allowing review of denial of motion for redetermination of probable cause "when a defendant has had to stand trial on an indictment which the government knew was based partially on perjured, material testimony"). We therefore accept special action jurisdiction.

## RULE 12.9 DEADLINE

**¶5**        In considering a petition for special action that challenges the denial of a motion to remand to the grand jury, we review for an abuse of discretion. *Cespedes v. Lee*, 243 Ariz. 46, ¶¶ 3, 5 (2017); *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, ¶ 10 (2003); *see also* Ariz. R. P. Spec. Act. 3 (limiting scope of our review in special actions). We defer to a trial court's explicit or implicit factual findings and will affirm those findings if supported by reasonable evidence. *Twin City Fire*, 204 Ariz. 251, ¶ 10.

**¶6**        Skaggs was indicted for crimes committed in 1995, when Rule 12.9 provided that a defendant could challenge a grand jury proceeding by filing a motion for a new probable cause finding "no later than 25 days after the transcript and minutes of the grand jury proceedings have been filed." That deadline has since been extended, but the extension is immaterial here. The grand jury minutes were filed in 2006. Skaggs filed his current motion for remand to the grand jury in May 2023. Thus, the respondent was correct that on a plain reading of the rule, the current motion was untimely.

**¶7**        Rule 32—the basis for Skaggs's entitlement to a new trial—does not supply a basis for extending the Rule 12.9 deadline. Rather, Rule 32 grants the trial court discretion to determine the proper remedy. It may enter orders as to "the conviction, sentence, or detention; . . . any further proceedings, including a new trial and conditions of release; and . . . other matters that may be necessary and proper." Ariz. R. Crim. P. 32.13(d)(2). When, as here, a court orders a new trial, Arizona Rule of Criminal Procedure 8.2 directs the time in which the trial must begin. But nothing in Rule 32 or any other criminal rule suggests that a new trial automatically reopens the time to file a Rule 12.9 motion. And to the extent Rule 32 might allow a court to order a grand-jury remand, Skaggs did not seek that remedy in his Rule 32 petition.

**¶8**        Skaggs now argues, however, that due process entitles him to a new grand-jury presentation. But he points to no cases suggesting that his due-process right exempts him from the Rule 12.9 deadline. Nor would such a conclusion comply with precedent stating that the Rule 12.9 deadline

is "mandatory" and subject to extension only upon a timely motion to extend. *Maule v. Superior Court*, 142 Ariz. 512, 515 (App. 1984); *see also State v. Smith*, 123 Ariz. 243, 248 (1979) ("A defendant waives his objections to the grand jury proceeding by failing to comply with [Rule 12.9's] timeliness requirement."). Skaggs's due-process argument also conflicts with our case law holding that courts lack inherent authority to grant relief under Rule 12.9 absent a timely motion. *See State v. Merolle*, 227 Ariz. 51, ¶¶ 12-13 (App. 2011).

## APPLICABILITY OF *KORZEP*

**¶9**        Skaggs also asks us to read *Korzep v. Superior Court*, 172 Ariz. 534 (App. 1991) (hereafter *Korzep IV*), as reopening the Rule 12.9 deadline in some circumstances where a conviction is vacated. However, as we explain, the various decisions in the *Korzep* proceedings do not address the Rule 12.9 deadline, so *Korzep IV* does not assist Skaggs here.

**¶10**        Korzep was indicted for second-degree murder after stabbing her husband. *State v. Korzep* (*Korzep I*), 155 Ariz. 303, 303 (App. 1987). After a special action in this court, the case was remanded to the grand jury, which re-indicted her, but only for voluntary manslaughter. *See Korzep IV*, 172 Ariz. at 536. She again sought remand because the grand jury had not been instructed on A.R.S. § 13-411's justification defense, but the trial court denied the motion. *Id.* She was then tried and convicted of manslaughter, and we affirmed her conviction. *State v. Korzep* (*Korzep II*), 164 Ariz. 175, 176-77 (App. 1989). The supreme court reversed our decision, concluding that the trial court had improperly instructed the petit jury on justification. *State v. Korzep* (*Korzep III*), 165 Ariz. 490, 494 (1990). In doing so, the supreme court clarified the scope of the justification defense in a manner favorable to Korzep. *Id.*

**¶11**        The supreme court did not address the possibility of another remand to the grand jury. But after its decision, Korzep filed what we described alternately as a "motion to dismiss or to remand to the grand jury" or a "motion to reconsider a remand" to the grand jury. *Korzep IV*, 172 Ariz. at 535-36. The motion asserted, in light of the supreme court's clarification of the justification defense, that the grand jury should have been instructed concerning that defense. *Id.* at 536. The trial court denied the motion, and Korzep sought special action review. *Id.*

**¶12**        We again remanded to the grand jury. *Id.* at 542. We reasoned that our supreme court had not clarified the justification defense in *Korzep III* until after the trial court had denied Korzep's original motion to remand.

*Korzep IV*, 172 Ariz. at 536. Thus, Korzep's argument had not even been "arguable in" her previous special action. *Id.* We further stated that Korzep "presently faces an entirely new pretrial setting with a more favorable Supreme Court interpretation" of the justification defense. *Id.* at 541.

¶13 Here, Skaggs's argument relies heavily on *Korzep IV*'s "entirely new pretrial setting" language. Skaggs asks us to interpret this language as allowing all defendants whose convictions are vacated to seek a redetermination of probable cause under Rule 12.9 in advance of retrial. At oral argument before this court, Skaggs added a narrower argument. He asserted that *Korzep IV* at minimum allows a defendant to move for remand beyond Rule 12.9's deadline where the original indictment was obtained in violation of a substantial procedural right that was related to the vacatur of the conviction.

¶14 We disagree with both characterizations of *Korzep IV*. First, that case does not address Rule 12.9's deadline. *See Korzep IV*, 172 Ariz. at 536, 540-41. This may have been because Korzep had essentially sought reconsideration of the denial of her prior motion. And Korzep presented good cause for reconsideration, given the intervening supreme court decision. *See* Ariz. R. Crim. P. 16.1(d) (allowing reconsideration of previously decided issue if good cause provided). Thus, *Korzep IV* does not implicate the timeliness requirements of Rule 12.9 and cannot be read to provide an exception to the rule's deadline.

¶15 Regardless, the changed pretrial setting here differs markedly from *Korzep IV*. Skaggs's Rule 32 petition was granted based on his counsel's ineffectiveness at trial. The trial court's grant of a new trial did not undercut the court's original rejection of Skaggs's motion for remand in 2006, which had occurred before that trial. His case is therefore distinguishable from *Korzep IV*, where the vacatur implicated the scope of the justification defense presented to the grand jury. Thus, unlike in *Korzep IV*, Skaggs has not shown good cause to reconsider his original motion for remand. *See* Ariz. R. Crim. P. 16.1(d).

¶16 Aside from *Korzep IV*, Skaggs also cited a decision order from our court in *Rios v. McMurdie*, No. 1 CA-SA 11-0187 (Ariz. App. Aug. 23, 2011) (decision order). That decision order briefly addresses *Korzep IV*'s application when a defendant is granted a new trial. However, *Rios*, which was not an opinion, is not precedential. *See Aida Renta Trust v. Maricopa County*, 221 Ariz. 603, n.18 (App. 2009). No rule authorizes citation to decision orders. *See generally* Ariz. R. Sup. Ct. 111(a) (governing

precedential value and citation of appellate dispositions); Ariz. R. Crim. P. 31.19(e) (same).  We therefore do not consider it.

## DISPOSITION

**¶17**        We accept special action jurisdiction, but deny relief.