607 P.2d 15

Carrol J. KOSIDLO, Petitioner/Appellee/Cross Appellant,

v.

Richard C. KOSIDLO, Respondent/Appellant/Cross Appellee.

No. 2 CA–CIV 3292.

Court of Appeals of Arizona, Division 2.

Oct. 11, 1979.

Rehearing Denied Nov. 21, 1979.

Ronald W. Sommer, Tucson, for petitioner/appellee/cross appellant.

Thikoll, Johnston & Rosen by Dennis A. Rosen, Tucson, for respondent/appellant/cross appellee.

## OPINION

HOWARD, Judge.

In this appeal the husband seeks review of certain provisions of a dissolution decree. He complains of the division of the proceeds from the sale of the parties' residence and the award of $1,000 attorney's fees to the wife. He also complains of the trial court's refusal to exclude witnesses from the courtroom. The wife, on the other hand, claims that the award of spousal maintenance and child support are insufficient unless a larger portion of property is awarded to her.

The dissolution decree requires the husband to pay $200 per month as child support for the minor child whose custody was

awarded to the wife, and the sum of $100 per month for a period of five years as spousal maintenance. The parties' residence was to be immediately listed for sale and of the net proceeds of the sale, the wife was to receive two-thirds and the husband one-third. Until completion of the sale, the wife was permitted to continue to live in the home. The court also directed that Florida property be sold and the net proceeds be divided equally. All furniture in the Tucson residence, except for a few specified items, was awarded to the wife and certain life insurance policies were to be the separate property of the husband.

The wife is currently earning an annual salary of $5,000 and contemplates completing her college education and becoming a schoolteacher. The Tucson residence which was owned free and clear was estimated to be worth between $120,000 and $140,000.

■ In a dissolution proceeding, the trial court is not required to divide the community property equally but equitably, and, in making its apportionment, may consider excessive or abnormal expenditures as well as destruction, concealment or fraudulent disposition of community property by one of the parties. *Neely v. Neely*, 115 Ariz. 47, 563 P.2d 302 (App.1977). However, the trial court's discretion as to property division means that, in the absence of sound reasons appearing in the record which justify a contrary result, apportionment of the community estate upon dissolution must be substantially equal. *Lindsay v. Lindsay*, 115 Ariz. 322, 565 P.2d 199 (App. 1977). Such sound reasons appear here. The husband's answers to certain questions concerning other assets were evasive, he had large sums of cash in his possession at various times, he had made a substantial profit on two loan transactions, he refused to use a checking account and insisted upon cash transactions, he sometimes used an alias, he was living in Illinois and could not remember how many safe deposit boxes he had or what was in the one he did acknowledge, he always carried large sums of cash, and had large amounts of cash secreted under a mattress and in the refrigerator at one time. The sum in the refrigerator was approximately $15,000 and supports the trial court's conclusion that he had in his control substantial undisclosed community assets.

■ We decline to consider the husband's argument that the home was partially derived from his separate property. Prior to trial he had failed to comply with a discovery order concerning the parties' prior home in Illinois, held in joint tenancy, the sale proceeds of which had been used to purchase the Tucson home. The sanction imposed for respondent's non-compliance was that he was precluded from asserting a separate ownership.

■ He also complains that the court failed to give him credit for $24,000 which he had borrowed from his family in 1977 to pay off the $40,000 mortgage on the Tucson home. At trial he testified that he still owed the major portion of the loan. On deposition, however, he was unable to say whether or not the $24,000 was borrowed at about the time the mortgage was paid off. Under these circumstances, the trial court was not required to accept as true the husband's version of how he obtained the $40,000 cash to pay off the mortgage. It could properly reject uncontradicted testimony of an interested party. *Graham v. Vegetable Oil Products Company*, 1 Ariz.App. 237, 401 P.2d 242 (1965).

■ The husband claims the trial court abused its discretion in ordering him to pay $1,000 to the wife's attorney for legal fees. The parties stipulated that the wife's attorney could file a statement of time spent on the case and if the court decided attorney's fees were to be awarded to either side, it could make such determination without further testimony. The attorney filed an affidavit reflecting 86 hours expended in preparation of the case. The husband's post-trial memorandum conceded that if he were required to pay his wife's legal fees, a fair amount would be $750. We cannot say the additional $250 constituted an abuse of discretion where the record demonstrates that numerous hours had been expended to ascertain the nature of concealed assets.

■ The husband's final contention is that the court erred in denying his request to exclude witnesses. Rule 615, Arizona Rules of Evidence, provides:

> "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause."

The witnesses sought to be excluded were the wife's parents. Prior to the adoption of the Rules of Evidence, the rule in Arizona was that sequestration of witnesses lies within the sound discretion of the trial judge. *Allison v. Ovens*, 4 Ariz.App. 496, 421 P.2d 929 (1966), vacated on other grounds, 102 Ariz. 520, 433 P.2d 968 (1967). The source of our Rule 615 is the counterpart federal rule. The notes of the advisory committee indicate that under Federal Rule 615, the trial court no longer has discretion and sequestration is a matter of right. Some federal courts have so held. *United States v. Warren*, 578 F.2d 1058 (5th Cir. 1978); *N.L.R.B. v. Pope Maintenance Corporation*, 573 F.2d 898 (5th Cir. 1978); *L. S. Ayres & Company v. N.L.R.B.*, 551 F.2d 586 (4th Cir. 1977); *Williams v. Electronic Control Systems Inc.*, 68 F.R.D. 703 (E.D.Tenn. 1975); but see *contra, N.L.R.B. v. Hale Manufacturing Company, Inc.*, 570 F.2d 705 (8th Cir. 1978). Division One of this court has held that sequestration of witnesses, formerly discretionary with the court in criminal cases, is not discretionary under Rule 9.3(a), Arizona Rules of Criminal Procedure, 17 A.R.S., when it is requested by one of the parties. *State v. Navarrette*, 115 Ariz. 574, 566 P.2d 1050 (App.1977). We hold that sequestration of witnesses in a civil case is also a matter of right except as to those individuals specifically exempted by the rule. The trial court's failure, however, to grant the husband's request to exclude witnesses does not require reversal as he has failed to show prejudice. *United States v. Warren*, supra.

■ The wife filed a notice of cross-appeal from the portion of the dissolution decree concerning spousal maintenance and child support. She has filed an appellee's answering brief but has filed no cross-appellant's opening brief. Rule 13(e), Arizona Rules of Civil Appellate Procedure, permits a party who files a cross-appeal to combine in one brief his brief as appellee and his brief as cross-appellant. It does not, however, relieve a cross-appellant from the duty to file a brief as such; it merely authorizes the combination of both in one brief and contemplates separate portions of the combined brief.[1]

Rules governing appeals are equally applicable to cross-appeals. *Nationwide Mutual Insurance Company v. Granillo*, 117 Ariz. 389, 573 P.2d 80 (App.1977). The wife's attempt in her answering brief to enlarge her rights under the decree by merely including it as additional argument does not comport with the rules of appellate procedure. Just as an appellant's brief must contain a statement of the issues presented for review, and an argument pertaining to those issues, Rule 13(a), Arizona Rules of Civil Appellate Procedure, so must a cross-appellant's brief. Furthermore, Rule 14(a)(2) requires that the front cover contain the title of the brief, e. g., appellant's brief. Her brief is merely designated "Appellee's Answering Brief". As no cross-appellant's brief has been filed, we consider the cross-appeal abandoned. *Dogarin v. Connor*, 6 Ariz.App. 473, 433 P.2d 653 (1967).

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

1. The rule provides in part:
   "The length the separate portions in any combined brief filed by a party shall not exceed the aggregate number of pages which separate briefs can contain."