752 P.2d 1038

**In re the Marriage of Mary Maxine MARTIN, Petitioner–Appellee,**

v.

**Richard George MARTIN, Respondent–Appellant,**

**Union Oil Company of California, Additional Defendant.**

**No. CV–87–0032–PR.**

Supreme Court of Arizona, En Banc.

March 8, 1988.

Reconsideration Denied May 3, 1988.

Favour, Weaver, Moore & Schuyler, P.A., Prescott by Janis A. Sterling, John M. Favour, for petitioner-appellee.

Lewis and Roca, Phoenix by Jeremy E. Butler, Susan M. Freeman, for respondent-appellant.

HOLOHAN, Justice.

The appellant, Richard Martin, filed an appeal in the Court of Appeals challenging the asset distribution and financial provisions of the decree of dissolution entered in this case. The Court of Appeals rejected the challenge on all claims of error except that concerning the authority of the superior court to make a separate award of money in addition to the distribution of community assets. The Court of Appeals held that the superior court lacked jurisdiction to make such an award. *Martin v. Martin/Union Oil Company of California,* 156 Ariz. 440, 752 P.2d 1026 (1986).

Appellant and appellee, Mary Martin, each filed petitions for review of the appellate court's decision. We denied appellant's petition, but granted appellee's petition to resolve the conflict between the opinion of the Court of Appeals and the decisions in *Neely v. Neely,* 115 Ariz. 47, 563 P.2d 302 (App.1977) and *Lindsay v. Lindsay,* 115 Ariz. 322, 565 P.2d 199 (App. 1977). The issue presented for determination is:

> Whether the superior court may, in addition to dividing the assets of the community, also grant a money judgment to one spouse to compensate that spouse for his or her interest in community assets dissipated or concealed by the other spouse.

## FACTS

At trial the evidence showed that the parties were married in 1950, and over the next 29 years Mr. Martin's work assignments took them to five different states and two foreign countries. Finally, in August, 1979, Mr. Martin was assigned to California by his employer, Union Oil of California. Shortly thereafter, the Martins bought a townhouse in Prescott, Arizona as a planned retirement home. Mrs. Martin moved into the Prescott townhouse in December, 1979. Mr. Martin, however, remained in California, and he has never resided in Arizona. While they were living separate and apart, Mr. Martin gave his wife money for living expenses and payments on the townhouse mortgage, but he continued to reside and work in California during the parties' three year separation prior to the action for dissolution. Throughout the years of separation Mr. Martin maintained almost total control over the parties' assets.

Mrs. Martin filed this action for dissolution of the marriage in 1982. Although he was residing in California, Mr. Martin submitted to personal jurisdiction in Arizona by responding to appellee's petition for

dissolution.[1] In April 1983, the parties stipulated that Mr. Martin would pay Mrs. Martin temporary monthly maintenance payments of $1,725. Pursuant to the stipulation, Mr. Martin was authorized to withdraw amounts above $1,000 from their joint savings accounts to meet his maintenance obligation. In the decree of dissolution, the trial court divided the parties' community property, awarding assets totalling $184,843 to Mrs. Martin and assets totalling $215,211 to Mr. Martin. The trial court also ordered Mr. Martin to pay Mrs. Martin $2,000 per month for spousal maintenance. In addition, the trial court ordered Mr. Martin to pay Mrs. Martin the sum of $46,688, representing her share of the net community income earned during their three years of separation. This award was based on evidence showing the parties' gross income for the three year period less deduction for certain expenses, including state and federal income tax payments, mortgage payments on the parties' residences, payments made to acquire certain parcels of real estate, and taxes paid to the Republic of Singapore. The balance was found by the trial court to be "net community income," and Mrs. Martin was awarded one-half of the net, or $46,688. Mr. Martin presented evidence of other expenditures which he contends were reasonable community expenditures, such as: bar association dues, insurance premiums, retirement contributions, social security tax payments, acquisition of IRA accounts, automobiles and securities, and his ordinary living expenses. The court refused to give appellant credit for any of these additional expenditures.[2]

The trial court also ordered Mr. Martin to pay Mrs. Martin the additional sum of $9,473 which the trial court found to be due her because Mr. Martin had made withdrawals from the community savings accounts in excess of those allowed under the stipulation and court order.

## COURT OF APPEALS' RULING

On appeal, Mr. Martin challenged the actions of the trial court in making what amounted to a "money judgment" for $46,688 and $9,473 against him and in favor of his former wife. He contended that the superior court acted without authority in granting a "money judgment" in addition to a division of the community property.

The Court of Appeals agreed that the trial court was without authority to grant the money awards. Specifically, the appellate court stated:

> Moreover, even if we were to agree that husband improperly squandered community assets, such a finding would still not justify the trial court's award. Section 25–318(A) only authorizes consideration of excessive or abnormal expenditures in connection with reaching an equitable *division* of community property. It does not authorize imposition of a money judgment against the allegedly guilty spouse wholly distinct from the division of the existing community assets and liabilities. Under § 25–318(A), where the court finds improper expendi-

1. Under Arizona law, for a trial court to have subject-matter jurisdiction over an action for dissolution at least one spouse must be a domiciliary of Arizona. *See* A.R.S. § 25–312(1). Here, the trial court had subject-matter jurisdiction because Mrs. Martin had been domiciled in Arizona in excess of ninety days prior to filing the petition for dissolution of marriage. *Id.* By responding to the petition without stating any objection to the trial court's jurisdiction over his person, Mr. Martin submitted to personal jurisdiction. *See* 16 A.R.S. Rules of Civil Procedure, Rule 12(i)(1). Once a trial court has jurisdiction over the dissolution action and personal jurisdiction over both parties, it has authority to determine all questions concerning dissolution, including property rights. *See* A.R.S. § 25–311; *Auman v. Auman,* 134 Ariz. 40, 653 P.2d 688 (1982).

2. Review was not taken of any issue concerning the method used by the trial court in determining appellant's allowable expenses, and we express no opinion regarding the propriety of the trial court's resolution of the matter. Our failure to accept review on the issue should not be considered an endorsement of the method used below.

tures or concealment, it may disproportionately divide the community property *before it* in order to compensate the injured spouse for the other's wrongdoing. *See Kosidlo v. Kosidlo,* 125 Ariz. 32, 607 P.2d 15 (App.1979); *Neely v. Neely,* 115 Ariz. 47, 563 P.2d 302 (App.1977). It may not, however, award a separate money judgment to the injured party against the mischievous spouse apart from any division of community assets and liabilities. Such a result is not contemplated by the statute and would thus be an abuse of discretion since the trial court only has such jurisdiction in a dissolution proceeding as the statute grants to it. *Weaver v. Weaver,* 131 Ariz. 586, 643 P.2d 499 (1982).

156 Ariz. at 447–48, 752 P.2d at 1033–34 (emphasis in original).

Accordingly, the Court of Appeals reversed the awards of $46,688 and $9,473, and remanded the case to the superior court for entry of a revised judgment.

## I

Mrs. Martin, in her petition for review, contends that the trial court's decree amounts to an equitable distribution of the parties' community property within the meaning and the intent of A.R.S. § 25–318(A). She relies on two prior decisions of our courts of appeals dealing with the awarding of a sum of money for the dissipation[3] of community assets. In *Neely v. Neely,* 115 Ariz. 47, 563 P.2d 302 (App.1977), the Court of Appeals affirmed the trial court's decree which included an order directing the husband to execute and deliver to the wife a promissory note in an amount which reflected the wife's interest in certain community assets dissipated by the husband. In *Lindsay v. Lindsay,* 115 Ariz. 322, 565 P.2d 199 (App.1977), the husband, during the pendency of the dissolution proceedings, secretly sold the commu-

nity's interest in an airplane and subsequently lost the proceeds in gambling. The trial court ruled that the husband need not account for the proceeds. The Court of Appeals reversed and directed the trial court to modify the decree to include a provision awarding the wife a sum of money representing her share of the community's interest in the aircraft.

It must be conceded that the decisions in both *Neely* and *Lindsay* support the action of the trial court in this case.

## II

The controlling statute in this case is A.R.S. § 25–318(A), which provides:

**§ 25–318. Disposition of property; retroactivity**

A. In a proceeding for dissolution of marriage, or for legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which previously lacked personal jurisdiction over the absent spouse or previously lacked jurisdiction to dispose of the property, the court shall assign each spouse's sole and separate property to such spouse. It shall also divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind, without regard to marital misconduct. For purposes of this section only, property acquired by either spouse outside this state shall be deemed to be community property if the property would have been community property if acquired in this state. Nothing in this section shall prevent the court from considering excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.

The foregoing statute directs the superior court, first, to assign each spouse

---

3. The word "dissipation" as used throughout this opinion is not used in its usual limited sense. The word is used as a general term which includes excessive or abnormal expendi-

tures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common. A.R.S. § 25–318(A).

his or her sole and separate property; second, the court must equitably divide the community, joint tenancy and other property held in common. In making an equitable division of property the court is authorized to consider wrongful, unreasonable and improper uses or destruction of the common property. *Kosidlo v. Kosidlo*, 125 Ariz. 32, 607 P.2d 15 (App.1979), disapproved in part 125 Ariz. 18, 607 P.2d 1 (1979); *see also Pangburn v. Pangburn*, 152 Ariz. 227, 731 P.2d 122 (App.1986). As we read the statute the superior court may compensate one spouse for the misuse of the common property by the other spouse by awarding the innocent spouse a greater share of the community property to offset the value of the lost property. It is clear that the legislative intent expressed in the statute is that a fair division of common property must occur, and to achieve this objective the superior court is authorized to adjust the value of the property assigned to each spouse so that neither spouse profits by misuse or concealment of the commonly-held property.

■ There is an additional statutory method provided to compensate an innocent spouse for the misuse or destruction of common property by the other spouse. Pursuant to A.R.S. § 25–319(B)(11), the superior court may consider excessive or abnormal expenditures, destruction, etc. as factors in making a suitable award of spousal maintenance. It must be noted, however, that the foregoing provision is applicable to the determination of the amount to be paid for maintenance once the superior court has determined that a spouse is entitled to maintenance. The provisions of A.R.S. § 25–319(A) do not authorize an award of maintenance because one spouse wrongfully disposes of the common property. It is only after the superior court has determined, guided by the factors in subsection (A), that a spouse is entitled to maintenance that excesses in dealing with the common property can be considered to establish the appropriate amount to be paid for maintenance.

The trial court in this case did not award Mrs. Martin a greater share of the existing marital property to compensate her for any dissipation of that property. There is no indication in the record that the amount ordered for maintenance was intended to compensate Mrs. Martin for dissipation of community property. The trial court simply arrived at the amounts found to have been improperly or excessively expended, and Mr. Martin was ordered to pay Mrs. Martin an amount representing her share of the dissipated assets. The Court of Appeals held that the trial court was not authorized under A.R.S. § 25–318 to make such an award or judgment.

### III

■ Counsel for Mrs. Martin maintains that the trial court in a dissolution proceeding acts as a court of equity, and the award in this case was justified under the equitable powers of the court. The underlying premise for counsel's argument is not as broad as stated. A dissolution action is a statutory action, and, as we said in *Weaver v. Weaver, supra*, "Despite the application of equitable standards in a dissolution proceeding, it remains a statutory action, and the trial court has only such jurisdiction as is granted by statute." 131 Ariz. at 587, 643 P.2d at 500. The primary focus for a determination of the trial court's authority is an examination of the relevant statute. Unless A.R.S. § 25–318 authorizes the action taken by the trial court it cannot be sustained.

Our decision in *Weaver* dealt with a trial court's attempt to compensate one spouse for destruction of separate property by the other spouse. We held that neither A.R.S. § 25–318 nor any other statute in Title 25 authorized the trial court in a dissolution case to compensate a spouse for destruction of *separate* property by the other spouse.

The present case does not involve separate property. The property found to have been disposed of was community or common property of the spouses. *Weaver* is not controlling in this case.

■ In statutory interpretation the primary principle is to determine and give effect to the legislative intent behind the statute. *Calvert v. Farmers Ins. Co. of Arizona,* 144 Ariz. 291, 697 P.2d 684 (1985). To find legislative intent we consider the context of the statute, the language used, the subject matter, the historical background, the effects and consequences, and the spirit and purpose of the law. *Arizona Newspapers Ass'n v. Superior Court,* 143 Ariz. 560, 694 P.2d 1174 (1985).

The history of the statute does not provide assistance in determining its meaning. A.R.S. § 25–318 was based on § 307 of the Uniform Marriage and Divorce Act. 9A U.L.A. 240 (Master ed. 1987). The Arizona statute, however, differs significantly in many respects from both Alternative A and B of the Uniform Act's § 307. The Arizona statute rejected the "relevant factors" test under § 307 for dividing marital property and instead adopted the current equitable division standard.

The Arizona statute accepted the principle found in Alternative A of § 307 of the Uniform Act that dissipation of marital assets should be a factor considered by the court in dividing the marital property. However, the Arizona statute expanded the matters to be considered to include "excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community joint tenancy and other property held in common."

The Arizona changes in the Uniform Act serve to limit the assistance that can be found from a review of other jurisdictions because the decisions from those jurisdictions are based on the provisions of their own version of the so-called Uniform Act.

The resolution of the issue presented in this case must be determined by an analysis of the purpose of the statute and the language used to describe how the purpose is to be carried out.

It is obvious that the whole purpose of A.R.S. § 25–318 is to provide a standard for the disposition of community and common property in a dissolution proceeding. Unlike the provisions of § 307 of the Uniform Marriage and Divorce Act, the Arizona statute provides that the community and common property shall be divided equitably. The "relevant factors" provision of the Uniform Act was rejected.

The equitable division of property required by A.R.S. § 25–318 is to be made without regard to marital misconduct, but the court is permitted, in making its division of property, to consider excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of the community and common property. We believe that it is significant that the statute allows the court to make the division of property equitably, "though not necessarily in kind." We believe the foregoing language supports the position that the statute was intended to authorize the court to make an award of money instead of merely dividing property.

There are occasions when it is virtually impossible to effectively divide the property of the spouses, i.e., equipment of a business, inventory, stock in closely held business, etc. The statute, we believe, authorizes the court to make an equitable division of such property by awarding an amount of money to one spouse representing that spouse's share of the value of the property, but the specific property would be set aside to the other spouse.

We are reinforced in our conclusion by reference to A.R.S. § 25–318(C) in which a court is authorized to impress a lien upon the marital property awarded to either party "in order to secure the payment of any interest or equity the other party has in or to such property." Subsection (C) was added four years after the passage of A.R.S. § 25–318, and it is apparent that the intent was to provide security in the form of a lien when the court awarded the marital property to one party and ordered that party to pay a sum of money to the other party to compensate that party for the value of their share in the property.

■ As we interpret A.R.S. § 25–318(A), the court in a dissolution proceeding is

authorized, in making an equitable division of marital property, to award a sum of money to one spouse to compensate that spouse for his or her interest in community assets awarded to the other spouse. Should this same interpretation apply when the court's award of money is for the value of community assets which have been dissipated by the other spouse?

In the dissenting opinion in the Court of Appeals it is noted that the Delaware Supreme Court in *A.I.D. v. P.M.D.*, 408 A.2d 940 (Del.1979), has upheld the award of a sum of money to an innocent spouse in addition to a division of property when the other spouse dissipated the marital assets. The language of the Delaware statute is similar in part to our statute, A.R.S. § 25–318(A), in that the Delaware statute requires the trial court to consider the dissipation by a party in depreciating the value of marital property as a factor in equitably dividing marital property.

The Delaware Supreme Court noted that their former statute limited the power of equitable division to those assets existing at the time of the petition for divorce, but the revised statute did not preclude the court from considering the value of dissipated marital property in making an award to the innocent spouse. The Delaware Supreme Court concluded that it was within the equitable powers of the court to make an award for the value of the marital property squandered.

The rationale of the Delaware case is not compelling, but it seems that implicit in the court's conclusion is the argument that the statute is designed to make an equitable division of property, and the wrongful or excessive acts of one spouse should not be allowed to depreciate or destroy the marital or common property.

A different rationale, but with the same result as in Delaware, is used in Maryland and Missouri. *See Sharp v. Sharp*, 58 Md.App. 386, 473 A.2d 499 (1984); *In re the Marriage of Faulkner*, 582 S.W.2d 292 (Mo.App.1979). In those jurisdictions one spouse may not dissipate the marital property and avoid the inclusion of the value of the dissipated property in the total estate. Thus, when the court finds that one spouse has intentionally dissipated marital property, the value of the dissipated property is added to the other existing marital property, and the total divided equitably.

We believe the foregoing rationale should be applied in this jurisdiction. Our statute is clear in its objective that the trial court should be permitted to consider the enumerated factors outlined in the final sentence of A.R.S. § 25–318(A). The value of the dissipated property should be added to the value of the other existing community, joint tenancy and other property held in common. The total value of existing and dissipated property should be equitably divided between the spouses.

We note that the statute requires that the division of property must be equitable, "though not necessarily in kind." Obviously, the trial court may make adjustments to accommodate the necessities of the situation. Where physical assets are not readily divisible or available, we believe that the statute contemplates that the court could compensate a spouse for his or her interest in the asset, and, of necessity, that would be by an award of money.

Therefore, we hold that the superior court, in a dissolution proceeding, is authorized to award a spouse a sum of money representing the value of his or her interest in community or commonly held assets which are not available for division due to the excessive or abnormal expenditures, destruction, concealment or fraudulent dissipation of such assets by the other spouse.

The opinion of the Court of Appeals is modified by vacating that portion of the opinion dealing with the issue decided here, and the judgment of the superior court is affirmed.

Appellee's request for allowance of attorneys' fees in this court is granted.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, J., concur.

MOELLER, J., did not participate in the determination of this matter.