NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

HEATHER MAUREEN KANE, *Petitioner/Appellant*,

*v.*

TYLER KANE, *Respondent/Appellee*.

No. 1 CA-CV 23-0595 FC
FILED 01-28-2025

Appeal from the Superior Court in Maricopa County
No. FN2022-001285
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

Stanley David Murray Attorney at Law, Scottsdale
By Stanley D. Murray (argued)
*Counsel for Petitioner/Appellant*

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire (argued), Alexandra Sandlin
*Co-Counsel for Respondent/Appellee*

Rose Law Group PC, Scottdale
By Kaine R. Fisher
*Co-Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

¶1 Heather Maureen Kane ("Wife") appeals the superior court's division of property in its decree of dissolution of marriage and rulings on her post-decree motions. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Wife and Tyler Kane ("Husband") were married in August 2013. Wife filed a petition for dissolution of marriage in March 2022. Husband was served on April 7, 2022, terminating the community. During the marriage and presently, Wife has worked as an executive officer for an insurance company. Wife's compensation from her employment includes an annual salary and benefits in the form of bonuses and vested and unvested stock options and restricted stock units ("RSUs"). Husband worked for an investment bank for six years of their marriage until 2019 but was unemployed at the time of dissolution.

¶3 Before trial, the parties filed a joint pre-trial statement that listed contested issues and their positions on them. The statement cited four main issues: (1) division of a "Fidelity Account," comprised of cash, an executive savings plan, a 401(K), and stock options (vested and unvested); (2) Wife's request for reimbursement for her community expenses; (3) Wife's request for an equalization payment for a gold/silver coin collection Husband had partially liquidated; and (4) Wife's request for an equalization payment for a vehicle to be awarded to Husband.

¶4 Following trial on all issues, the court issued a decree of dissolution of marriage in June 2023. Wife filed a motion to alter or amend the decree, challenging the court's ruling on equalization as to the gold/silver coin collection and vehicles and denial of Wife's reimbursement request. The court denied Wife's motion.

¶5 After entry of the decree, Wife and Husband jointly selected a specialized attorney to assist the court by opining on the proper division

of the Fidelity Account to implement the court's decree and proposing the necessary qualified domestic relations orders ("QDRO") for that purpose.

**¶6** Based on the parties' agreement, the court appointed a QDRO attorney, who prepared and filed a report and proposed order with the court on April 5, 2024. Ten days later, on April 15, 2024, and before Wife filed any objections to the report or proposed order, the court adopted the proposed order. The following day, April 16, 2024, Wife filed her objection to the QDRO report. Concurrently, Wife filed a motion for reconsideration, asking the court to consider her objections. The court denied the motion for reconsideration.

**¶7** Wife timely appealed and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statute ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

**¶8** Wife argues the superior court erred in (1) failing to characterize the community's interest in the unvested stock options and RSUs and incorrectly adopted the QDRO report and entered the proposed order; (2) distributing the community's property; and (3) denying Wife's motion to alter or amend its decree.

## I. Characterization of the Unvested Stock Options and RSUs

### A. Standard of Review

**¶9** We review the court's characterization of property de novo. *Hefner v. Hefner*, 248 Ariz. 54, 57 ¶ 6 (App. 2019). But the court has "broad discretion to allocate community property, and we will not disturb its allocation absent an abuse of discretion." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283 ¶ 14 (App. 2019) (internal quote omitted). "We will affirm the decree if it is supported by reasonable evidence and view the evidence in the light most favorable to upholding it." *Whitt v. Meza*, 257 Ariz. 149, 153 ¶ 8 (App. 2024). And where, as here, no party requested that the court make separate findings of fact and conclusions of law, we presume the court found every fact necessary to support its decision. *Id.*

**B.** **The Court Properly Rejected Wife's Argument that the Unvested Stock Options and RSUs are Entirely Her Sole and Separate Property.**

¶10 Wife argues on appeal, as she did at trial, that only the vested RSUs and stock options are community property because "the unvested RSUs and unvested stock options are contingent, based upon future performance, and [] if Wife does not stay at [Wife's current employment], then the stock has no value," therefore making these benefits entirely Wife's sole and separate property. As such, Wife maintains that the court erred in finding her marital community had any interest at all in the unvested stock options and RSUs. Not so.

¶11 "Property acquired by either spouse during marriage is presumed to be community property, and the spouse seeking to overcome the presumption has the burden of establishing a separate character of the property by clear and convincing evidence." *Brebaugh v. Deane*, 211 Ariz. 95, 97–98 ¶ 6 (App. 2005) (quoting *Thomas v. Thomas*, 142 Ariz. 386, 392 (App. 1984)). Wife concedes that the rights to the unvested stock options and RSUs at issue in this appeal were acquired through employment during the marriage. It was her burden to establish, by clear and convincing evidence, that these benefits were entirely her sole and separate property. *Id.* However, after trial, the court found that they were community property and that at least some portion thereof was subject to division. Because neither party requested findings of fact or conclusions of law, we must infer from the court's rulings that it found Wife's evidence insufficient to overcome the presumption. *Whitt*, 257 Ariz. at 153 ¶ 8.

¶12 Moreover, Arizona law holds that both unvested stock options and RSUs are forms of compensation that are treated analogously to pension plans for property division purposes during dissolution. *See Brebaugh*, 211 Ariz. at 97–98 ¶¶ 6–7 (unvested stock options); *Goodell v. Goodell*, 257 Ariz. 536, 544 ¶ 32 (App. 2024) (RSUs). Thus, unvested stock options and RSUs "are community property insofar as the rights were acquired during marriage." *Brebaugh*, 211 Ariz. at 98 ¶ 8 (quoting *Johnson v. Johnson*, 131 Ariz. 38, 41 (1981)). The undisputed fact that the rights to the unvested stock options and RSUs were acquired during their marriage conclusively establishes, as a matter of law, that at least some portion thereof is subject to division as community property. *Id.* The court did not err by rejecting Wife's argument to the contrary.

### C. The Court Ultimately Determined the Nature of the Unvested Stock Options and RSUs.

**¶13** Division of the community's interest in unvested stock options and RSUs granted during the marriage requires an inquiry into the employer's purpose for awarding those benefits, so the court may determine the nature of the benefits. *See Goodell*, 257 Ariz. at 544 ¶ 32; *Brebaugh*, 211 Ariz. at 98 ¶¶ 8–9. The court's finding as to the nature of unvested stock options and RSUs governs which formula must be applied to implement their division. *Goodell*, 257 Ariz. at 544 ¶ 32. "If the options were granted for past or current performance, they are community property, and the court should divide them using the formula set out in *In re Marriage of Hug*, 201 Cal. Rptr. 676 (1984)." *Goodell*, 257 Ariz. at 544 ¶ 32. "But if the options are for future performance, the court should use the formula in *In re Marriage of Nelson*, 222 Cal. Rptr. 790 (1986), to allocate the unvested portions." *Goodell*, 257 Ariz. at 544 ¶ 32.

**¶14** Here, Wife argues the court's failure to make any express findings that characterize the unvested stock options or RSUs as either grants for past/current performance or for future performance was error. Wife cites the *Goodell* opinion for the proposition that these findings are necessary to a determination that these benefits were community property. *See Goodell*, 257 Ariz. at 545 ¶ 38. True, absence of such findings can constitute error. *Id.* And the court did not make such findings in its decree. But *Goodell* is distinguishable. Unlike in *Goodell*, the court here received a QDRO attorney's recommendations and then implicitly made the required findings by adopting those recommendations in its QDRO order governing the unvested stock options and RSUs.

**¶15** Arizona Rule of Family Law Procedure ("ARFLP") 72.1 authorizes appointment of a professional with special expertise to aid the court with apportioning employment-related assets, including stock options and similar. The rule states:

> If a court order requires retirement benefits, stock options or other employment related benefits to be divided, the court may appoint an attorney or other professional with the appropriate expertise to recommend a division or to implement the division that the court has ordered.

ARFLP 72.1(a). Such professionals may be authorized to divide specified assets and may also exercise discovery powers and command appearance and cooperation of the parties in presenting further information for the

5

professional's consideration. ARFLP 72.1 (b)–(d). If the professional finds that division requires the use of discretion, the professional must submit a recommendation to the court for approval. ARFLP 72.1(e).

**¶16**         Here, both parties agreed in the joint pre-trial statement that the Fidelity Account, which includes the unvested stock options and RSUs at issue, should be divided using the assistance of a QDRO attorney. After trial, the court's decree identified those assets as part of the marital community and specified that the "community portion" thereof was to be divided using the assistance of a QDRO attorney. The court further ordered the parties' cooperation with the QDRO attorney. The parties then agreed to appointment of the QDRO attorney. The QDRO attorney requested documentation from the parties—including a governing stock agreement—and collected additional information from them before filing her report with her recommendations. This report proposed a division of the unvested stock options and RSUs calculated using the *Nelson* formula. The court adopted this proposed division in a QDRO order.

**¶17**         Given the governing presumptions and standard of review applicable on appeal, *see Whitt*, 257 Ariz. at 153 ¶ 8, we conclude that the court's adoption of the QDRO attorney's proposed order—including use of the *Nelson* formula—implicitly constitutes the required finding that the nature of the unvested stock options and RSUs were intended to secure Wife's future performance of her employment. *See Goodell*, 257 Ariz. at 544 ¶ 32. Adoption of the QDRO order—and the implicit finding made with its adoption—cures any error resulting from failure to include that finding in the decree.

**¶18**         Wife further argues the court could not appoint the QDRO attorney without first making the required finding determining the nature of the unvested stock options and RSUs. In other words, Wife essentially argues the court improperly abdicated its duty to characterize the unvested stock options and RSUs to the QDRO attorney. We disagree.

**¶19**         Agreement of the parties and Rule 72.1 specifically authorized the court to use the QDRO attorney to aid it in its determinations. And the QDRO attorney's report is reasonably construed as a recommendation to the court, which it was required to consider before adoption. Wife does not cite any authority, and we have found none, that equates these facts to an improper delegation of a judicial function. *See Walker v. Walker*, 256 Ariz. 295, 299–300 ¶¶ 14, 18 (App. 2023) (appointing a QDRO attorney is not delegation of the court's power but supplementing it with expert advice). We discern no error.

**D.      Wife Cannot Show the Requisite Prejudice to Warrant Reversal.**

**¶20**           Even assuming failure to include a finding about the nature of the assets in the decree was error, Wife cannot demonstrate any prejudice to her interests and therefore, can claim no relief. *See Walsh v. Walsh*, 230 Ariz. 486, 494 ¶ 24 (App. 2012) ("Not all errors in the superior court warrant reversal []. We will reverse only if the complaining party suffers prejudice as a result of the error. Prejudice must appear affirmatively from the record.") (quoting *In re Marriage of Molloy*, 181 Ariz. 146, 150 (App. 1994)).

**¶21**           Here, the QDRO attorney proposed, and the court adopted, use of the *Nelson* formula to divide the subject unvested stock options and RSUs. Of the only two[1] — and mutually exclusive — formulas available to the court under Arizona law, the *Nelson* formula is more favorable to Wife. *See Goodell*, 257 Ariz. at 544 ¶ 32. Thus, the ordered division of the unvested stock options and RSUs favors Wife. No prejudice to Wife appears on this record.

**E.      Wife Was Not Denied Due Process.**

**¶22**           Due process claims are issues of law that we review de novo. *Mack v. Cruikshank*, 196 Ariz. 541, 544 ¶ 6 (App. 1999). Due process requires that the court "afford the parties an opportunity to be heard at a meaningful time and in a meaningful manner." *Volk v. Brame*, 235 Ariz. 462, 468 ¶ 20 (App. 2014) (citation and internal quotation omitted). However, "to merit reversal, a party must show they incurred some harm as a result of [a] court's time limitations." *Gamboa v. Metzler*, 223 Ariz. 399, 402 ¶ 17 (App. 2010) (citation and internal quotation omitted).

**¶23**           Wife argues she was denied due process because the court adopted the QDRO report without awaiting her objection under ARFLP 72. She contends that because ARFLP 72 states the court may hold a hearing to review any objection filed within 15 days of the report, the court erred because it waited only 10 days before issuing the QDRO order and it did not hold a hearing. But Wife filed her objection one day after the court adopted the report. She also filed a motion for reconsideration, asking the court to consider her objection, specifically raising the matter to the court's

---

[1]           Though Wife's reply brief suggests that different formulas may be in use in other jurisdictions, she does not specify which of these alternative formulas should have been applied here. Nor does she cite any authority approving and directing their use in Arizona.

attention. Yet, the court still denied Wife's motion for reconsideration. These facts indicate the court considered and rejected Wife's objections and we will not presume otherwise. *See Whitt*, 257 Ariz. at 153 ¶ 8 (explaining deferential standard of review). And in any event, as explained above (*see supra* ¶¶ 20–21), Wife cannot demonstrate any prejudice on this record, and therefore, is not entitled to the relief she requests. *See Gamboa*, 223 Ariz. at 402 ¶ 17.

## II. Substantial Evidence Supports the Court's Distribution of Other Property.

**¶24** "The family court has broad discretion to equitably divide assets and liabilities." *Hoobler v. Hoobler*, 254 Ariz. 130, 137 ¶ 13 (App. 2022). In dividing the property upon dissolution, the court "should take into consideration the overall marital estate." *In re Marriage of Flower*, 223 Ariz. 531, 537 ¶ 24 (App. 2010). An equitable distribution of property need not be exactly equal "but must result in substantial equality." *Miller v. Miller*, 140 Ariz. 520, 522 (App. 1984). In arriving at an equitable distribution of property, the court may consider the enumerated factors under A.R.S. § 25-318, which include debts or obligations relating to the property, excessive or abnormal expenditures, destruction, concealment or fraudulent disposition. A.R.S. § 25-318(B), (C). Additionally, the court may consider non-enumerated factors, including the source of funds and "other equitable factors as they may bear on the outcome" of equitable allocation. *Toth v. Toth*, 190 Ariz. 218, 222 (1997).

### A. The Court Did Not Err in Denying Wife Reimbursement for Community Expenses.

**¶25** "[W]hen a party voluntarily makes post-service payments toward community debt with separate funds, the superior court must account for the payments in its equitable property distribution." *Ferrill v. Ferrill*, 253 Ariz. 393, 396 ¶ 10 (App. 2022). A claim for reimbursement exists even if the paying spouse continues to occupy the home post-service. *Id.* at ¶ 11. But the spouse seeking reimbursement "must prove that he or she made payments toward maintaining or improving the community property with separate funds." *Id.* at 397 ¶ 13.

**¶26** Wife testified she paid community expenses after termination of the marital community and Husband did not contribute to any of those expenses. Wife recounted those expenses in the joint pre-trial statement but did not present any evidence as to the source of the funds that she used to pay them. The court found that because Wife utilized community funds to

pay community expenses related to home, tax liabilities, and car payments, she had not established her right to reimbursement. We defer to the court's assessments of witness credibility and its weighing of evidence. *See Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 522 ¶ 1 n.1 (App. 2007). Thus, we discern no error in the court's findings because Wife did not satisfy her burden to show that she paid community expenses from her separate funds.

**B.      The Court's Equalization Relating to the Gold/Silver Coin Collection Was Not Error.**

**¶27**      Wife argues that Husband committed waste of a community asset by liquidating and gifting portions of the community's collection of gold and silver coins.

**¶28**      "In the equitable division of property, the court may consider 'excessive or abnormal expenditures, destruction, concealment or fraudulent disposition' of community property." *Goodell*, 257 Ariz. at 544 ¶ 35 (quoting A.R.S. § 25-318(C)). "A finding of waste under [A.R.S. § 25-318] allows the court to 'compensate one spouse for the misuse of the common property by the other spouse by awarding the innocent spouse a greater share of the community property to offset the value of the lost property.'" *Id.* (quoting *Martin v. Martin*, 156 Ariz. 452, 456 (1988)). The party alleging waste bears the burden of establishing "that the other party's disposition of community property was 'excessive or abnormal' or constituted 'destruction' of the community property." *Id.* If the alleging spouse makes such a prima facie showing, the burden falls on the other spouse to establish the expenditures benefited the community. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346–47 ¶¶ 7–8 (App. 1998).

**¶29**      Here, the court found that Husband partially dissipated the community's coin collection. It ordered in its decree that Wife be reimbursed $25,000 for the gold/silver coins liquidated by Husband pending resolution of the case and ordered that the remaining collection be divided between them equally. Not satisfied, Wife further argues that the gold/silver coin collection was originally purchased for $277,000 in 2021, and this price must be used in dividing the collection. But Wife presented no evidence specifying the value of the remaining portion of the collection or that Husband liquidated any more than the $50,000 in coins to which he admitted during litigation. The record establishes the court accounted for Husband's dissipation through its equalization award to wife. Wife's dissatisfaction with the amount of the award notwithstanding, we cannot reweigh the evidence to find differently. *See Lehn*, 246 Ariz. at 286 ¶ 31 ("we

do not reweigh [] evidence and will defer to the family court's resolution of [] factual dispute[s]"). The court did not abuse its discretion.

### C. The Court Did Not Err in Its Award of the Vehicles.

**¶30** The court awarded the parties their vehicles subject to any liens or encumbrances. Wife objected, arguing that because her vehicle was subject to a lien while Husband's vehicle was not, this division was unfair and required the court to award her an additional equalization payment to offset the disparity in vehicle values. In response to Wife's equalization request, the court found the allocation of the real and personal property, when considered with the division of debt, was fair and equitable under the circumstances and declined to make further adjustments. We agree. Any apparent disparity resulting from the assigned vehicle values—when examined against the backdrop of the entire marital estate—does not raise concerns about the fairness and equity of the court's property division. *See Flower*, 223 Ariz. at 537 ¶ 24 (in dividing property, the court should "take into consideration the overall marital estate"). And again, we will not second-guess the court's weighing of the evidence. *Lehn*, 246 Ariz. at 286 ¶ 31. We discern no error.

### III. The Court Did Not Err in Denying Wife's Motion to Alter or Amend.

**¶31** Because no error is apparent from the court's rulings, its denial of Wife's motion to amend was appropriate.

### CONCLUSION

**¶32** We affirm.

**¶33** Both parties request attorneys' fees under A.R.S. § 25-324. After considering the record and the parties' positions, we deny both parties' requests for attorneys' fees in our discretion. However, as the prevailing party in this appeal, Husband is awarded his costs on appeal upon compliance with ARCAP 21.

